[No. E007237. Fourth Dist., Div. Two. Jan. 9, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
DEENA TERESA DUNCAN, Defendant and Appellant.

COUNSEL

Joseph E. Taylor, Public Defender, and David J. Macher, Deputy Public Defender, for Defendant and Appellant.

Grover C. Trask II, District Attorney, and Guy B. Pittman, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

HOLLENHORST, Acting P. J.—

### FACTUAL AND PROCEDURAL HISTORY

This case involves the question of whether defendant was eligible for pretrial diversion on a first-time drug offense. The facts of the case are not in dispute. Police arrested defendant on suspicion of driving a vehicle while

under the influence of a controlled substance and alcohol. Defendant submitted to a blood test which revealed that she had a blood level of .14 percent alcohol and 141 mg. cocaine. The People charged her with violation of one count each of being under the influence of a controlled substance (Health & Saf. Code, § 11550) and driving while under the combined influence of alcohol and a controlled substance (Veh. Code, § 23152, subd. (a)).

Defendant made a motion for pretrial diversion for drug treatment and education on the Health and Safety Code violation pursuant to Penal Code section 1000. The trial court denied this request on the ground that defendant was ineligible for diversion under Penal Code section 1000, subdivision (a)(3) because there was evidence that defendant had committed another drug related offense—the violation of Vehicle Code section 23152, subdivision (a)—which was not subject to diversion. Defendant then submitted her case for trial on the police report and the trial court found her guilty of violating Health and Safety Code section 11550 and Vehicle Code section 23152, subdivision (a).[1]

## DISCUSSION

Defendant's sole contention on appeal is that the court erred in denying her motion for diversion. As we explain below, we disagree and affirm.

█ The Legislature enacted Penal Code section 1000 in 1972. The purpose of the statute is twofold. "First, diversion permits the courts to identify the experimental or tentative user before he [or she] becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing." (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 61-62 [113 Cal.Rptr. 21, 520 P.2d 405].)

When the Legislature originally enacted the statute it authorized pretrial diversion upon an accusatory pleading for violation of any of six enumer-

---

[1] Both parties' briefs recite that defendant was convicted of Vehicle Code section 23152, subdivision (b), but the record reflects that she was convicted of section 23152, subdivision (a). Moreover, just what code section she was convicted under is not germane to this appeal because the record reflects that there was significant evidence before the court of driving under the influence of a controlled substance at the time the court made the decision denying diversion. (See *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 75 [113 Cal.Rptr. 28, 520 P.2d 412].)

ated Health and Safety Code sections involving possession of illegal drugs, possession of drug paraphernalia, being under the influence of an illegal drug, or presence where others are using such drugs. Later amendments also authorized diversion upon accusatory pleadings for cultivating marijuana for personal use, securing drugs for personal use through a fictitious prescription, and being under the influence of illegal drugs in a public place. Such diversion is authorized only if the defendant meets six limiting criteria including subdivision (a)(3) of Penal Code section 1000 which requires that "[t]here is no evidence of *a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision.*" (Italics added.)

Defendant maintains that violation of Vehicle Code section 23152, subdivision (a) is not a "violation relating to narcotics or restricted dangerous drugs" within the meaning of Penal Code section 1000, subdivision (a)(3). Relying on three California Supreme Court cases—*People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d 59; *Sledge* v. *Superior Court* (1974) 11 Cal.3d 70 [113 Cal.Rptr. 28, 520 P.2d 412]; and *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149 [118 Cal.Rptr. 14, 529 P.2d 46]—she argues that the high court has mandated that we must interpret section 1000 liberally to fulfill the intent of the Legislature and that legislators meant for section 1000, subdivision (a)(3) to apply only to other drug related offenses which involved drug dealing.

*People* v. *Superior Court (On Tai Ho), supra,* 11 Cal.3d at page 64, deals not with the interpretation of Penal Code section 1000, subdivision (a)(3) but with the constitutionality of a provision of the original statute which gave the prosecutor a veto over the court's judicial power to exercise its discretion to order diversion. *On Tai Ho* does not discuss liberal interpretation of section 1000 and it acknowledges at the outset of the opinion that an arrestee is eligible for diversion only for the (then) six enumerated offenses in the statute. (*Id.,* at p. 62, fn. 2.)

*Sledge* v. *Superior Court, supra,* 11 Cal.3d 70, a companion case to *On Tai Ho,* also does not construe Penal Code section 1000, subdivision (a)(3). Instead, *Sledge* decides whether the prosecutor's authority under section 1000 to make the preliminary determination of eligibility for diversion violates the constitutional requirement for the separation of powers. (*Id.,* at p. 72.) *Sledge* does state that subdivision (a)(3) is "intended by the Legislature to render ineligible for the diversion program a relatively limited class of persons, i.e., those who are dealing in illegal narcotics but who have never previously been convicted of any drug offense and whom the district attorney cannot or does not choose to charge with trafficking." (*Id.,* at p. 75.) However, there is no citation to a source for this proposition, and the

statement is made only in passing in a section devoted to a discussion of the modicum of evidence necessary in a diversion hearing to show that a defendant committed a drug related offense other than those enumerated as divertible offenses. (*Ibid.*)

*Morse* v. *Municipal Court, supra,* 13 Cal.3d at page 153, again does not deal with the interpretation of Penal Code section 1000, subdivision (a)(3); rather, it concerns the determination of when criminal proceedings have progressed too far for a defendant to be eligible for pretrial diversion. *Morse* describes section 1000 as an innovative procedure and a liberal experiment in drug rehabilitation having a very broad purpose, but it does not apply a liberal construction to section 1000, subdivision (a)(3). (*Id.,* at pp. 153, 158.) It points out incidentally that the Legislature has authorized pretrial diversion only if "there is no evidence [that a defendant has committed] a narcotics or restrictive dangerous drug offense *other than those specified in the statute*; . . ." (*Id.,* at p. 153, italics added.)

We do not think that our Supreme Court meant its comments on the scope of Penal Code section 1000, subdivision (a)(3) in either *Sledge* or *Morse* to be a definitive ruling; however, we note that *Morse*, which places no limitation on subdivision (a)(3) other than that it refers to a drug related offense not enumerated in the statute, in strict keeping with the exact language of subdivision (a)(3), is the later of the two cases and that the Supreme Court has made no additional comments or rulings on this subject. In order to determine if defendant is excluded from pretrial diversion under subdivision (a)(3) we turn to the canons of statutory construction.

■ When construing a statute, a court must first "examine the words at issue to determine whether their meaning is ambiguous." (*Sand* v. *Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787].) It is settled law in California that if statutory language is "clear and unambiguous there is no need for construction, and courts should not indulge in it." (*In re Lance W.* (1985) 37 Cal.3d 873, 886 [210 Cal.Rptr. 631, 694 P.2d 744], internal quotation marks omitted.) Our courts have declined to apply the plain meaning of a statute only "when it would inevitably have frustrated the manifest purposes of the legislation as a whole or led to absurd results." (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].)

■ Utilizing the above principles, we must conclude that Penal Code section 1000, subdivision (a)(3) is clear and unambiguous and thus must be applied here according to its plain meaning. The subdivision provides that an arrestee is not eligible for diversion if there is evidence that he or she has committed a drug related offense "*other than a violation of the sections listed*

*in this subdivision.* " (Italics added.) The language simply could not be plainer. Vehicle Code section 23152, subdivision (a) is not listed in Penal Code section 1000. Moreover, it is evident that Vehicle Code section 23152, subdivision (a) as applied to defendant in this case is a drug related offense. Being under the influence of "any drug" is one of its essential elements, and there was significant evidence that defendant was under the influence of cocaine while driving. Applying Penal Code section 1000, subdivision (a)(3) to defendant in these circumstances certainly does not lead to absurd results or defeat the whole purpose of the legislation. (*People* v. *Belleci, supra,* 24 Cal.3d at p. 884.) It is not the role of the courts to insert into a statute what a legislature might have omitted in enacting a statute. (Code Civ. Proc., § 1858.)

We are supported in our conclusion by two cases dealing with Penal Code section 1000, subdivision (a)(3) decided by our appellate courts. In *People* v. *Cina* (1974) 41 Cal.App.3d 136 at page 140 [115 Cal.Rptr. 758] the reviewing court concluded without much discussion that the appealing prosecutor was correct in asserting that the defendant was not qualified for pretrial diversion on an offense enumerated in section 1000 because there was evidence that he had also committed the offense of cultivating marijuana, a crime which was not then included in section 1000. The Legislature added the offense of cultivating marijuana to section 1000 in a 1975 amendment with the proviso that the cultivation must have been only for personal use, not for trafficking. In *People* v. *Koester* (1975) 53 Cal.App.3d 631 at page 643 [126 Cal.Rptr. 73] a reviewing court held that the defendant was ineligible for diversion on an enumerated offense because of evidence that he had obtained narcotics through a fictitious prescription, an offense also not then enumerated in Penal Code section 1000.

The *Koester* court reasoned: "The statute enumerates only certain 'divertible' offenses and we must conclude that by listing these it meant to exclude others. The revised version of Penal Code section 1000 [the 1975 amendment] by continuing to list the 'divertible' offenses indicates an intent to continue this approach instead of adopting a broader one that might have been suggested to it by the language of *Sledge* v. *Superior Court, supra,* 11 Cal.3d 70 at page 75." (*People* v. *Koester, supra,* 53 Cal.App.3d at p. 642.) "As we construe the case law . . . and mindful of the statutory limitations on our functions as expressed in Code of Civil Procedure section 1858, we feel constrained to hold that this court does not have the authority to extend Penal Code section 1000 beyond the plain words of the statute." (*Id.,* at p. 643.)

The Legislature added the offense of obtaining illegal drugs through a fictitious prescription to Penal Code section 1000 in 1983, on the condition that the evidence must show that these offenses involved only personal use

and not obtaining illegal substances for trafficking. In this instance as in the earlier revision of section 1000 discussed in *Koester* the Legislature did not adopt the broad approach discussed in *Sledge* but continued to list the individual divertible offenses. (*People* v. *Koester, supra,* 53 Cal.App.3d at p. 642.)

■ The statutory scheme of which Vehicle Code section 23152, subdivision (a) is a part further supports us in our conclusion that we should interpret Penal Code section 1000, subdivision (a)(3) to include driving under the influence of a controlled substance. In 1981, some nine years after enacting Penal Code section 1000, the Legislature made extensive statutory changes and additions to the Vehicle Code in response to growing public concern about intoxicated drivers. (Review of Selected 1981 California Legislation (1981-1982) 13 Pacific L.J. 513, 787-788.) The legislation was designed to make it more difficult for those committing such offenses to avoid conviction and to increase the penalties consequent upon such a conviction. (*Id.,* at p. 788.) Vehicle Code section 23202, enacted at that time, prohibits the trial court from suspending, staying or dismissing proceedings in 23152 cases prior to conviction for the arrestee to attend or participate in drug education or drug treatment programs. Vehicle Code section 23206, in turn, prohibits any stay or suspension of proceedings prior to pronouncement of sentence and provides that no person convicted of a Vehicle Code section 23152 offense may be absolved from spending the minimum time in confinement.

Clearly the Legislature in enacting Vehicle Code sections 23202 and 23206 meant to deny pretrial and even presentence diversion to those apprehended for driving under the influence. To conclude, as defendant would have us do, that Penal Code section 1000 applies broadly to all non-trafficking drug related offenses would be to undermine the public policy embodied in these Vehicle Code sections. ■ A "fundamental rule of statutory construction is that the court should ascertain the legislative intent so as to effectuate the purpose of the law. To this end, every statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect. [Citation.]" (*Moore* v. *Panish* (1982) 32 Cal.3d 535, 541 [186 Cal.Rptr. 475, 652 P.2d 32].) ■ Because Vehicle Code sections 23202 and 23206 were enacted long after Penal Code section 1000, we must presume that our legislators were well aware that their policy of providing pretrial diversion for neophyte drug abusers was diametrically opposed to their policy of making drug treatment and education available only after sentencing for driving under the influence, and that they made a conscious decision not to include the Vehicle Code sections within the purview of Penal Code section 1000.

## DISPOSITION

The judgment is affirmed.

McDaniel, J., and Dabney, J., concurred.

A petition for a rehearing was denied January 30, 1990, and appellant's petition for review by the Supreme Court was denied April 19, 1990. Mosk, J., Panelli, J., and Kennard, J. were of the opinion that the petition should be granted.