[No. B069174. Second Dist., Div. Six. Aug. 31, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
FORTINO PEREZ COVARRUBIAS, Defendant and Appellant.

## COUNSEL

Monica Knox, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Marc E. Turchin and Robert Renner, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, J.**—Fortino Perez Covarrubias appeals from the judgment (order granting probation) entered after he was convicted in a court trial of possessing cocaine. (Health & Saf. Code, § 11350, subd. (a).) He unsuccessfully contends: "The court erred in denying appellant participation in the diversion program."

Ventura Police Officer Raymond Harer, Jr., saw a vehicle driven by appellant. He stopped it because it had a cracked windshield. Harer noticed that the passenger reached several times under the front seat. He conducted a "pat down" search of appellant for weapons. He felt a hard object which proved to be a metal pipe containing marijuana residue and smelling of burnt marijuana. Harer searched appellant and found several razor blades, a mirror, an empty tube, a plastic baggie containing cocaine, and three bindles of

cocaine. Appellant exhibited several symptoms of being under the influence of a stimulant, i.e., a pulse rate of 118, rapid speech, and warm, dry skin. In addition, the officer observed that the septum of appellant's nose was irritated and his pupils exhibited a sluggish reaction to light.

Appellant was charged with possession of cocaine, being under the influence of cocaine and possession of a smoking device. After the preliminary hearing, he was held to answer in the superior court.

After the information was filed in superior court, the matter was continued for "Possible Diversion Request." Appellant's counsel stated that the matter had been "referred back to the D.A.'s office for them to determine if they felt that [appellant] was eligible for diversion. [¶] Apparently Mr. Totten (a deputy district attorney) has made a decision, in his view that [appellant] is not eligible for diversion, based on some sort of reading of the Duncan case [*People* v. *Duncan* (1990) 216 Cal.App.3d 1621 (265 Cal.Rptr. 612)]." The prosecutor stated: "That's correct." He further indicated that the application for diversion in municipal court had been withdrawn and that he did not know if a report had been prepared "because the prosecution claimed that he was ineligible in Courtroom 12 [the preliminary hearing courtroom]." Defense counsel stated he did not believe there was "sufficient evidence to indicate that this is a case controlled by Duncan" but acknowledged that "the only solution to the problem would be a post-conviction appeal." He requested that the matter be reset for trial.

When the matter was called again on the trial court calendar, defense counsel reiterated, "[I]t's our position that [*People* v. *Duncan*] does not apply in this situation but my understanding is that the Court is refusing to consider [appellant for diversion] based solely on the People's position." The trial court replied: "That's correct. It's the Court's opinion and the state of the law now is that if the District Attorney's initial determination is that the defendant is not eligible for diversion, the Court has no power to refer him for screening for diversion. [¶] It's my opinion based on what I know about this case that he would be an appropriate candidate for diversion and probably should be granted diversion but the Court feels it is without power to do that."

The prosecutor stated that appellant had "made application for diversion in Municipal Court and the probation officer in his report said that the defendant was ineligible, legally ineligible for diversion. . . . [¶] Having considered the police reports and probation officer's report from Municipal Court, it is our position that the defendant is both ineligible and unsuitable for diversion." Appellant waived a jury trial and submitted the matter on the transcript of the preliminary hearing.

■ Appellant's contention that the trial court erred by not allowing him to be diverted is without merit. The prosecutor's reference to *People* v. *Duncan* (1990) 216 Cal.App.3d 1621 [265 Cal.Rptr. 612], stated on the record, is sufficient to permit meaningful appellate review. The reference undoubtedly meant that appellant was ineligible for diversion because of "evidence" that he was driving a motor vehicle while under the influence of a controlled substance. This conclusion was correct. (*Sledge* v. *Superior Court* (1974) 11 Cal.3d 70, 74-75 [113 Cal.Rptr. 28, 520 P.2d 412]; *People* v. *Duncan, supra,* 216 Cal.App.3d at pp. 1626-1628.) We reject appellant's claim that *People* v. *Duncan, supra,* was "wrongly decided." Nor is it fairly distinguishable from the instant case in a way that would allow appellant to be diverted.

The uncontradicted evidence shows that appellant was driving a motor vehicle and was under the influence of cocaine at the same time. While appellant was not charged with driving under the influence of a drug (Veh. Code, § 23152), nor convicted thereof, there was ". . . evidence of a violation relating to narcotics or restricted dangerous drugs other than a violation of the sections listed in this subdivision." (Pen. Code, § 1000, subd. (a)(3).) That is to say, there was "evidence" of driving under the influence of a drug. This is a disqualifyer.

■ " 'Our function is not to judge the wisdom of statutes.' [Citation.] What a statute should do is beyond our authority to decide. [Citations.]" (*Rubin* v. *Green* (1993) 4 Cal.4th 1187, 1205 [17 Cal.Rptr.2d 828, 847 P.2d 1044].) Whether a violation of Vehicle Code section 23152, subdivision (a) *should* be added to the list of qualifying offenses is a legislative determination. Appellant makes the argument that we should liberally construe the statutory scheme so that an experimental user who happens to be discovered while driving a motor vehicle could be diverted. This contention should be addressed to the Legislature. We do not construe a statute, liberally or at all, where there is no ambiguity. (*People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1007-1008 [239 Cal.Rptr. 656, 741 P.2d 154].)

■ Contrary to appellant's claim, there is no requirement that a defendant be actually charged with a disqualifying offense as was the case in *People* v. *Duncan, supra,* 216 Cal.App.3d at page 1624. The "evidence" was unquestionably sufficient to support the prosecution's determination and appellant was not entitled to a judicial decision on the factual issue of whether he was "impaired" while driving. (*Sledge* v. *Superior Court, supra,* 11 Cal.3d at pp. 74-75; *People* v. *McAlister* (1990) 225 Cal.App.3d 941, 945 [275 Cal.Rptr. 229] [cf. *People* v. *Williamson* (1982) 137 Cal.App.3d 419 [187 Cal.Rptr. 107] (contra)].)

The trial court's remark that appellant would be an appropriate candidate for diversion does not suggest that it gave the prosecutor an impermissible veto over diversion or that it believed appellant was not driving while under the influence of a controlled substance. To be sure, there is a veto. It is attributable, however, to the Legislature, not the prosecutor. The prosecutor ministerially applies the veto. The superior court acknowledged this legal "fact of life." It simply opined that but for the disqualifier, appellant would be an appropriate candidate for diversion.

The trial court recognized that the prosecutor acted within statutory authority in determining preliminary screening eligibility for diversion. (*People* v. *Superior Court* (*On Tai Ho*) (1974) 11 Cal.3d 59, 62 [113 Cal.Rptr. 21, 520 P.2d 405].) ■ The district attorney, pursuant to the separation of powers principle of our state Constitution (Cal. Const., art. III, § 3) ". . . ordinarily has sole discretion to determine whom to charge, what charges to file and pursue, and what punishment to seek. [Citation.]" (*Dix* v. *Superior Court* (1991) 53 Cal.3d 442, 451 [279 Cal.Rptr. 834, 807 P.2d 1063].) The prosecutor has dual role. He or she is the defendant's adversary but at the same time, is the ". . . guardian of the defendant's consitutional rights . . . ." (*People* v. *Trevino* (1985) 39 Cal.3d 667, 681 [217 Cal.Rptr. 652, 704 P.2d 719].) ■ If defendant is eligible for diversion, a prosecutor has a duty to safeguard defendant's statutory right to diversion. We presume, and this record shows, that the prosecutor reasonably, objectively and lawfully determined that appellant was not eligible for diversion. "The law has been obeyed." (Civ. Code, § 3548.)

The judgment (order granting probation) is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.