127 Cal.Rptr.2d 267 (2002)
103 Cal.App.4th 936
The PEOPLE, Plaintiff and Respondent,
v.
Ronald Ernest WALTERS, Defendant and Appellant.
No. B158090.
Court of Appeal, Second District, Division Three.
November 19, 2002.
Review Granted January 22, 2003.
*268 Richard L. Fitzer, under appointment by the Court of Appeal, Los Angeles, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Marc J. Nolan and Lance E. Winters, Supervising Deputy Attorneys General, for Plaintiff and Respondent.
KLEIN, P.J.
Ronald Ernest Walters appeals the judgment (order granting probation) entered following his plea of no contest to possession of methamphetamine and driving under the influence of drugs, a misdemeanor. (Health & Saf.Code, § 11377; Veh.Code, § 23152, subd. (b).) The trial court found Walters ineligible for treatment under Proposition 36. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
According to the report of the probation officer, on December 13, 2001, Los Angeles police officers observed Walters "straddling the road" at 50 miles per hour in a 35 miles per hour zone. Walters had dilated pupils and there was a strong odor of cannabis about his person. The officers arrested Walters for driving under the influence and, in a search incident to that arrest, found two plastic baggies of methamphetamine in Walter's pocket.
Walters was charged with possession of methamphetamine and driving under the influence. With respect to the possession of methamphetamine charge, Walters sought to participate in treatment under Proposition 36, the Substance Abuse and Crime Prevention Act of 2000. (See Pen. Code, §§ 1210, 1210.1.)[1] This statutory initiative established a comprehensive scheme of drug treatment programs for nonviolent drug offenders and mandates probation without incarceration for specified drug offenses, including possession of methamphetamine. Upon successful completion of treatment, the drug offense charge is dismissed. (§ 1210.1, subd. (d).)
The trial court found the driving under the influence charge rendered Walters ineligible to participate in treatment under Proposition 36.

CONTENTION
On appeal, Walters contends he should not have been excluded from treatment under Proposition 36 by reason of the driving under the influence charge.

DISCUSSION

1. Proposition 36.

The stated purposes of Proposition 36 are: "(a) To divert from incarceration into community-based substance abuse treatment *269 programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses; [¶] (b) To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarcerationand reincarcerationof nonviolent drug users who would be better served by community-based treatment; and [¶] (c) To enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies." (See Historical and Statutory Notes, 51 West's Ann. Pen.Code (2002 supp.) foll. § 1210, p. 207.)
Proposition 36 added section 1210.1 to the Penal Code. Subdivision (a) of that section provides that any person convicted of a non-violent drug related offense shall be granted probation and shall be required to participate in drug treatment as a condition of probation. Subdivision (b) of section 1210.1 excludes from treatment under Proposition 36 any defendant who previously has been convicted of one or more serious or violent felonies, subject to a five-year wash-out period (§ 1210.1, subd. (b)(1)); any defendant who uses a firearm while in possession or under the influence of certain drugs (1210.1, subds.(b)(3)(A), (b)(3)(B)); any defendant who has twice been convicted of simple drug possession and has proven unamenable to treatment (1210.1, subd. (b)(5)); any defendant who refuses drug treatment as a condition of probation (1210.1, subd. (b)(4)); and, any defendant who, in addition to the nonviolent drug possession offense, is "convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony" (§ 1210.1, subd. (b)(2)).
Subdivision (d) of section 1210, the provision to be construed in this case, defines the phrase "`misdemeanor not related to the use of drugs'" to mean "a misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)." (§ 1210, subd. (d).)

2. Walters'contention.

Walters contends driving unsafely while under the influence of drugs is a drug related activity that is similar to the simple possession or use of drugs. Thus, the driving under the influence charge should not have excluded him from participation in Proposition 36. Walters claims allowing him to participate in treatment under Proposition 36 would not protect him from any of the penalties that flow from conviction of driving under the influence. In addition to those penalties, Walters would participate in mandatory treatment under Proposition 36 for the nonviolent drug offense of possession of methamphetamine. Thus, Walters would not be treated less harshly than an individual charged only with driving under the influence. Walters argues the purpose of Proposition 36, providing treatment for drug addicts, would be served by his construction of the statute and urges this court to find ways to include, rather than exclude, drug offenders in treatment programs.

3. Resolution.

An initiative is construed according to the plain meaning of the words used. If the meaning is ambiguous, we turn to the voters' intent. If the voters' intent is not clear, we construe the statute most favorably to the offender. (People v. Rizo (2000) 22 Cal.4th 681, 685-686, 94 Cal. Rptr.2d 375, 996 P.2d 27; People v. Superior *270 Court (Turner) (2002) 97 Cal.App.4th 1222, 1227-1228, 119 Cal.Rptr.2d 170.) Here, the plain meaning of the words of the statute defeats Walters' contention.
Subdivision (b) of section 1210.1 excludes from Proposition 36 any defendant convicted in the same proceeding of a misdemeanor not related to the use of drugs. A misdemeanor not related to the use of drugs is defined in section 1210.1, subdivision (d) as not involving the simple possession or use of drugs or similar activity. In order to reach the result suggested by Walters, we would have to conclude that driving under the influence of drugs is an activity related to the simple possession or use of drugs. It is not. Driving under the influence involves the additional element of impaired driving which creates a separate risk to public safety that is not present in the simple possession or use of drugs. Indeed, the simple use of drugs is compounded exponentially when the user operates a motor vehicle. Thus, the trial court properly concluded Walters was not eligible for treatment under Proposition 36.[2]

4. Similar result under the diversion statute.

This result is consistent with cases holding defendants charged with driving under the influence ineligible for diversion under section 1000. (People v. Covarrubias (1993) 18 Cal.App.4th 639, 642, 22 Cal. Rptr.2d 475; People v. Duncan (1990) 216 Cal.App.3d 1621, 1626-1628, 265 Cal.Rptr. 612.) Section 1000, subdivision (a)(3) provides that an arrestee is not eligible for diversion if there is evidence he or she has committed a drug related offense other than those listed in the subdivision. Driving under the influence is not one of the listed offenses. Construing this provision, Duncan held that even though being under the influence of a drug is drug related, the defendant was not eligible for diversion.
Walters argues that because Duncan held driving under the influence of a controlled substance is a drug-related offense, it should not cause him to be excluded under section 1210.1, subdivision (b)(2). However, the fact driving under the influence of drugs may be a drug related offense, does not prevent application of section 1210.1, subdivision (b). This subdivision specifically defines acceptable companion nonviolent drug related offenses to include only misdemeanors that are similar to the simple possession or use of drugs. This plainly excludes defendants convicted of driving under the influence of drugs because that offense involves more than the "simple possession or use of drugs." (Italics added.) It includes driving unsafely on public streets in disregard for the safety of others. Accordingly, Duncan does not assist Walters.

5. Expressio unius est exclusio alterius.

Walters also argues omission of driving under the influence from the list of offenses that render a defendant ineligible for treatment under Proposition 36 indicates an intent to include such individuals. This argument is not persuasive. Section 1210.1 does not rely on a list of disqualifying offenses. It also includes situations, *271 such as the one under consideration here, that require the trial court to determine, as a factual matter, whether the defendant is eligible for treatment. Because there is no list of disqualifying offenses, the failure to mention driving under the influence as an offense that disqualifies an individual from participation in Proposition 36 does not suggest the voters intended to permit such individuals to take advantage of the salutary treatment provisions of the statute.

6. Conclusion.

We conclude the misdemeanor offense of driving under the influence of drugs involves more than the "simple possession or use of drugs." It requires the additional element of impaired driving and thus disqualified Walters from participation in treatment under Proposition 36. (See People v. Ayele (2002) 102 Cal.App.4th 1276, 126 Cal.Rptr.2d 262 [companion charge of misdemeanor resisting arrest disqualifies the defendant from participation in treatment under Proposition 36].)

DISPOSITION
The judgment (order granting probation) is affirmed.
We concur: KITCHING and ALDRICH, JJ.
NOTES
[1] Subsequent unspecified statutory references are to the Penal Code.
[2] The California Supreme Court has granted review in People v. Canty (2002) 100 Cal. App.4th 903, 123 Cal.Rptr.2d 532, review granted October 16, 2002 (S109537), a case that reached the same result. Review also has been granted in People v. Garcia (2002) 99 Cal.App.4th 38, 120 Cal.Rptr.2d 725, review granted August 28, 2002 (S108472), a case decided by the same Division, which held the petty theft of drugs that are immediately consumed is sufficiently similar to the simple possession and use of drugs as not to disqualify the defendant from treatment under Proposition 36.