127 Cal.Rptr.2d 297 (2002)
103 Cal.App.4th 1011
Linda TRUMBLE, Petitioner,
v.
The SUPERIOR COURT of San Diego County, Respondent;
The People, Real Party in Interest.
No. D039990.
Court of Appeal, Fourth District, Division One.
November 21, 2002.
Review Granted January 29, 2003.
*298 Steven J. Carroll, Public Defender, Marian Modrak and Edward Kinsey, Deputy Public Defenders, for Petitioner.
Diane Nichols for Appellate Defenders, Inc., as Amicus Curiae on behalf of Petitioner, San Diego, upon the request of the Court of Appeal.
No appearance for Respondent.
*299 Paul J. Pfingst, District Attorney, Gregory Thompson, Assistant District Attorney, Anthony Lovett and Richard S. Armstrong, Deputy District Attorneys, for Real Party in Interest.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Senior Assistant Attorney General, Peter Quon, Jr. and Marvin E. Mizell, Deputy Attorneys General, for the State as Amicus Curiae on behalf of Real Party in Interest, upon the request of the Court of Appeal.
McDONALD, J.
Petitioner Linda Trumble pleaded guilty to possession of a controlled substance (Health & Saf.Code, § 11377, subd. (a)) and to misdemeanor driving a vehicle while under the influence of drugs (Veh. Code, § 23152, subd.(a)). She sought probation and diversion under Penal Code section 1210 et seq.[1] The trial court denied the request because probation and diversion are unavailable under section 1210.1, subdivision (b)(2) for a defendant convicted in the same proceeding of a misdemeanor offense "not related to the use of drugs," and concluded that driving while under the influence of drugs is an offense not related to the use of drugs within the meaning of subdivision (b)(2). Trumble seeks a writ of mandate compelling the trial court to grant her probation and diversion under section 1210.1.
The single issue in this petition is whether section 1210.2, subdivision (b)(2) precludes probation and diversion when a defendant is convicted in the same proceeding of a drug possession offense and of misdemeanor driving while under the influence of drugs.

I

THE STATUTORY SCHEME
Section 1210 et seq. was adopted by voter approval of Proposition 36 at the November 2000 General Election. People v. Legaidt (2002) 95 Cal.App.4th 178, 180, 115 Cal.Rptr.2d 352.) Section 1210.1, subdivision (a) provides that, unless the defendant is disqualified from probation under subdivision (b), the trial court must grant probation with a drug treatment condition to a defendant convicted of a nonviolent drug possession offense. A nonviolent drug possession offense is defined to include unlawful possession, use or transportation for personal use of specified controlled substances, or being under the influence of a controlled substance. (§ 1210, subd. (a).)
Section 1210.1, subdivision (b) makes certain defendants ineligible for probation under subdivision (a), including:
"(2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs...."
The phrase "misdemeanor not related to the use of drugs" is defined in section 1210, subdivision (d) to mean:
"a misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)."
Trumble argues the court erroneously denied her probation because driving under the influence of drugs is a misdemeanor that involves the use of drugs within the meaning of section 1210, subdivision (d), and therefore section 1210.1, subdivision (b)(2)'s ineligibility provisions do not apply *300 to her. The People assert the trial court properly found Trumble ineligible for probation under subdivision (b)(2).

II

APPLICABLE INTERPRETIVE PRINCIPLES
The fundamental purpose of statutory construction is to determine the intent of the lawmakers and to effectuate the purpose of the law. People v. Ledesma (1997) 16 Cal.4th 90, 95, 65 Cal.Rptr.2d 610, 939 P.2d 1310.) When a court is required to interpret a voter initiative, it applies the same principles that govern statutory construction. (Horwich v. Superior Court (1999) 21 Cal.4th 272, 276, 87 Cal.Rptr.2d 222, 980 P.2d 927.) Accordingly, "we turn first to the language of the statute, giving the words their ordinary meaning" (People v. Birkett (1999) 21 Cal.4th 226, 231, 87 Cal.Rptr.2d 205, 980 P.2d 912), and construing the statutory language in the context of the statute as a whole and the overall statutory scheme. (Horwich, supra, 21 Cal.4th at p. 276, 87 Cal.Rptr.2d 222, 980 P.2d 927.) If there is any remaining ambiguity in the language, we may examine other indicia of the voters' intent, including the stated purpose and intent of the enactment, and any analyses or argument contained in the official ballot pamphlet. (Birkett, supra, 21 Cal.4th at p. 243, 87 Cal.Rptr.2d 205, 980 P.2d 912.)

III

ANALYSIS
Section 1210.1 contemplates a mandatory probation/drug diversion disposition for defendants convicted of a "nonviolent drug possession offense"; the qualifying offenses are limited to possession, use or transportation for personal use, or being under the influence of, specified controlled substances. (§ 1210, subd. (a).) However, not every defendant convicted of possessing drugs for personal use, using, or being under the influence of controlled substances qualifies for probation and diversion into a drug treatment program. Instead, section 1210.1 identifies numerous classes of defendants who, because of either their criminal history or their current offenses, are not eligible for the special treatment afforded by section 1210.1.[2] Among the defendants not eligible are those who, in addition to the conviction for a nonviolent drug offense, are convicted in the same proceeding of a misdemeanor not related to the use of drugs. (§ 1210.1, subd. (b)(2).)
Whether driving under the influence of drugs in violation of Vehicle Code section 23152, subdivision (a) is a misdemeanor that is related to the use of drugs and therefore is exempt from the ineligibility provisions of section 1210.1, subdivision (b)(2) is an unresolved question.[3] We conclude the language of section 1210.1, *301 whether standing alone or as illuminated by the apparent intent of Proposition 36, includes driving under the influence of drugs as a misdemeanor not related to the use of drugs within the meaning of subdivision (b)(2).

A. The Statutory Language

The definitional provisions of section 1210, after correcting for the double negative, provide that a misdemeanor is related to the use of drugs if it involves the simple possession or use of drugs or similar activity. (§ 1210, subd. (d).) A person convicted of driving under the influence of drugs has necessarily been involved in conduct beyond and in addition to the simple use of drugs.[4] (People v. Davalos (1987) 238 Cal.Rptr. 50, 192 Cal.App.3d Supp. 10, 13-14.) The statutes proscribing simple use are violated by the act of ingesting the drugs and becoming intoxicated, and their goal is to protect users from themselves. (Bosco v. Justice Court (1978) 77 Cal. App.3d 179, 186-188, 143 Cal.Rptr. 468.) In contrast, the statutes proscribing driving under the influence are violated because the defendant has been involved in additional post-ingestion conduct, and those statutes are designed to promote the distinct interest of protecting the public from the danger created by intoxicated drivers. (People v. Davalos, supra.) Because a violation of Vehicle Code section 23152, subdivision (a) is a misdemeanor that involves conduct beyond the simple use of drugs, the explicit language of section 1210.1, subdivision (b)(2) bars probation for Trumble.
Trumble argues violation of Vehicle Code section 23152, subdivision (a) is a misdemeanor related to the use of drugs because it involves the use of drugs within the meaning of section 1210, subdivision (d). She seeks to avoid the fact that driving under the influence requires conduct beyond simple use of the intoxicant by arguing that the term "simple," as used in section 1210, subdivision (d), is a term of art intended only to modify the term "possession" and was not intended to not modify the term "use." Under petitioner's construction, if the misdemeanor involves any use of drugs, the fact that it also involves additional conduct beyond simple use is irrelevant. We reject this construction of the statute because it makes the term "simple" superfluous.[5] To give effect to every word used in the statute (Briggs v. Eden Council For Hope & Opportunity (1999) 19 Cal.4th 1106, 1118, 81 Cal. Rptr.2d 471, 969 P.2d 564 [courts should avoid interpretation that would render language surplusage]), we construe section *302 1210, subdivision (d) as using the term "simple" in its broader sense to modify all of the offenses listed in subdivision (d)(1).
Trumble also focuses on section 1210, subdivision (d)'s language that a misdemeanor need only "involve" the simple use of drugs to qualify as a misdemeanor that is related to the use of drugs. She argues a court should give that term its ordinary meaning (People v. Rizo (2000) 22 Cal.4th 681, 685, 94 Cal.Rptr.2d 375, 996 P.2d 27) and rely on the dictionary definitions to ascertain that meaning. (Ponder v. Blue Cross of Southern California (1983) 145 Cal.App.3d 709, 722-726, 193 Cal.Rptr. 632.) The dictionary defines "involve" to mean "to include as a necessary circumstance, condition or consequence." (Random House Unabridged Diet. (2d ed.1987) p. 1005.) For the reasons discussed above (see fn. 2, ante), driving under the influence of drugs does not require as a necessary circumstance, condition or consequence the ingestion of controlled substances.[6]
Trumble finally argues that because the court in People v. Duncan (1990) 216 Cal. App.3d 1621, 265 Cal.Rptr. 612 ruled a violation of Vehicle Code section 23152, subdivision (a) is a drug-related offense, her violation of that same provision cannot be a misdemeanor unrelated to the use of drugs. However, Duncan is not germane to the issue presented here. Duncan evaluated whether a defendant who was convicted of being under the influence of a controlled substance was eligible for diversion under section 1000 notwithstanding her conviction for violating Vehicle Code section 23152, subdivision (a). Duncan, noting that section 1000, subdivision (a)(3) conditioned eligibility on the absence of "evidence of a violation relating to [controlled substances] other than a violation of the sections listed in this subdivision" (italics added), concluded at page 1627 that diversion was unavailable because there was evidence of a nonlisted violation and "[t]he language [of section 1000] simply could not be plainer. Vehicle Code section 23152, subdivision (a) is not listed in [section 1000]." Thus, Duncan merely held that, on the facts of that case and under the particular statute, the defendant's conduct presented evidence of an excluding event within the meaning of section 1000. Duncan did not hold that a violation of Vehicle Code section 23152, subdivision (a) is a drug-related misdemeanor within the meaning of other statutory schemes, and therefore is unhelpful on the issue here.
We conclude the language employed by Proposition 36 excludes from probation and diversion any defendant who engages in conduct beyond the core conduct giving rise to probation and diversion (e.g. simply using, possessing or transporting for personal use the proscribed drugs), except when the other conduct is a close adjunct to the core conduct, including, for example, possessing the implements associated with consumption of the drugs or being in a place where drugs are used. Driving under the influence of drugs is neither core conduct nor closely associated with core conduct, and therefore is outside the boundaries of conduct permitting probation and diversion under section 1210.1, subdivision (a).

B. The Statutory Intent

Our conclusion is buttressed by the apparent intent underlying Proposition 36. *303 Trumble argues the intent of Proposition 36 was to provide probation and diversion to all defendants afflicted by drug addiction, as long as they were nonviolent, not engaged in a criminal enterprise involving drugs, and did not commit other felonious conduct. However, we agree with the People's argument that Proposition 36 intended to reserve its special treatment to those defendants whose drug addiction harmed or endangered only themselves and to leave untouched the traditional sentencing applicable to drug-addicted offenders whose conduct harmed or endangered others.
The stated purpose and intent of Proposition 36 is to divert "nonviolent [offenders] charged with simple drug possession or drug use offenses."[7] (Prop.36, § 3, subd. (a).) The twin characteristics of the group targeted for the benefits of probation and treatmentthat they be nonviolent and commit only offenses involving simple possession or usedemonstrate that those whose conduct harms or poses a threat to the welfare of others, in contrast to conduct endangering only themselves, are not within the group targeted for the benefits of Proposition 36. A person who drives under the influence of drugs poses a threat to the welfare of others and is not a person entitled to the benefits of Proposition 36.
The statutory intent to exclude defendants who endanger persons other than themselves finds confirmation in the explicit narrowing of the class of persons eligible for the special treatment afforded by section 1210.1. Defendants forfeit eligibility if they possess or are under the influence of a subset of controlled substances "[w]hile using a firearm" (§ 1210.1, subd. (b)(3)), and therefore pose a threat to persons other than themselves. Defendants forfeit eligibility if convicted in the same proceeding of any other felony (§ 1210.1, subd. (b)(2)), which shows an intent to deny eligibility to those harming others. The statute also denies treatment to defendants who have a prior serious or violent felony unless they have lived a blameless life for at least five years before being convicted of the nonviolent drug offense, which requires that for five years defendants commit no felony (other than one that harms themselves) and commit no misdemeanor that injured or threatened injury to any other person. (§ 1210.1, subd. (b)(1).)
The statutory scheme not only limits initial eligibility to defendants whose behavior shows they pose a danger only to themselves; it also conditions continued participation in its treatment program to individuals who continue to pose no danger to others. First, defendants who receive probation and diversion forfeit the right to treatment if they violate any non-drug related law while on probation. (§ 1210.1, subd. (e)(2).) Second, defendants who receive probation and diversion also forfeit the right to treatment by committing a nonviolent drug possession offense or violating a drug-related condition of probation if the court finds by a preponderance of the evidence that they pose "a danger to the safety of others." (§ 1210.1, subd. (e)(3)(A).) These forfeiture provisions confirm that defendants who engage in conduct endangering persons other than themselves are not the intended beneficiaries of the treatment provided by Proposition 36.
*304 Because Proposition 36 appears intended to limit the class of persons eligible for its special treatment to those whose criminal conduct endangers only themselves, and to retain traditional sentencing for those whose criminal conduct harms or threatens harm to others, a defendant convicted of misdemeanor driving under the influence (which creates a risk of harm to others) has engaged in conduct outside the intended scope of exemptions under section 1210.1, subdivision (b)(2) for misdemeanors related to the simple possession or use of drugs.[8]
Finally, an interpretation that excludes driving under the influence from exempted misdemeanors is consistent with the intent of Proposition 36 as expressed in the ballot arguments. The proponents of Proposition 36 stated it was "strictly limited" and "only affects simple drug possession. No other criminal laws are changed." (Ballot Pamp., Argument in Favor of Proposition 36, General Elec. (Nov. 7, 2000) at p. 26.) If driving under the influence was deemed a misdemeanor related to the use of drugs, as urged by petitioner, Proposition 36 would effect a change in the legislative scheme designed to impose increasingly severe punishments for those who repeatedly drive under the influence of drugs. The Legislature has unequivocally declared its intent that drivers convicted of multiple driving under the influence offenses within a seven-year period receive mandatory and increasingly severe punishments. (Veh.Code, § 23217.) The current scheme mandates a 96-hour jail term for the first offense (Veh.Code, § 23536, subd. (a)), 90 days for a second offense within seven years (Veh.Code, § 23540), 120 days for a third offense within seven years (Veh.Code, § 23546), and a wobbler felony offense requires 180 days of local custody for a fourth offense within seven years (Veh.Code, § 23550). These recidivist statutes impose punishment upon proof of a prior violation and conviction for driving under the influence within a seven-year period. (People v. Casillas (2001) 92 Cal. App.4th 171, 111 Cal.Rptr.2d 651.) However, if a defendant was eligible for probation and diversion under section 1210.1 notwithstanding a driving under the influence conviction, the defendant upon completing the drug treatment program could obtain an order expunging the driving under the influence conviction,[9] and any subsequent offense would be treated as a first offense. Accordingly, an interpretation that driving under the influence is an exempt misdemeanor permitting probation and diversion would be inconsistent with Proposition 36's expressed intent that it was strictly limited, affected only simple drug possession, and changed no other laws.

DISPOSITION
The petition is denied.
WE CONCUR: HUFFMAN, Acting P.J., and McCONNELL, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] A defendant loses eligibility if he or she has a prior serious or violent felony conviction that was not "washed out" under section 1210.1, subdivision (b)(1). A defendant also loses eligibility if he or she possesses or is under the influence of a subset of controlled substances "while using a firearm" (§ 1210.1, subd. (b)(3)), is convicted in the same proceeding of any felony (§ 1210.1, subd. (b)(2)), refuses drug treatment as a condition of probation (§ 1210.1, subd. (b)(4)), or has twice been granted diversion and treatment but is found to be unamenable to rehabilitation. (§ 1210.1, subd. (b)(5).)
[3] The California Supreme Court has granted review in the only case to have considered whether the offense of driving under the influence of drugs is included in the ineligibility provisions of section 1210.1, subdivision (b)(2). (People v. Canty (2002) 100 Cal. App.4th 903, 123 Cal.Rptr.2d 532, review granted Oct. 16, 2002, S109537.)
[4] Indeed, a person can be convicted of driving under the influence of drugs by engaging in conduct that is both more than and less than the simple use of controlled substances, because a person can violate Vehicle Code section 23152, subdivision (a) if his or her driving is impaired because that person used any drug (Veh.Code, § 312), even though the drug is not a controlled substance (see People v. Olive (2001) 112 Cal.Rptr.2d 687, 92 Cal. App.4th Supp. 21, 24) or is even a lawfully possessed substance (People v. Keith (1960) 7 Cal.Rptr. 613, 184 Cal.App.2d Supp. 884, 887).
[5] Specifically, subdivision (d)(1), again correcting for the double negative, defines a misdemeanor related to the use of drugs as a "misdemeanor ... involving] ... the simple possession or use of drugs...." Although simple possession can be employed as a term of art to distinguish mere possession from those offenses in which the possession is accompanied by an additional intent (e.g. to sell, manufacture, etc.), we do not view it as having been so employed here because only the former can qualify as a misdemeanor. Because the statute limits its definitional terms to misdemeanors, it necessarily excludes at the outset any possession accompanied by additional intent, and therefore the term "simple," if employed in its technical sense as urged by petitioner, would be superfluous.
[6] Trumble also argues that activity similar to simple use is covered (§ 1210, subd. (d)(2)) and the dictionary defines "similar" to mean "having characteristics in common: very much alike: COMPARABLE" or "alike in substance or essentials: CORRESPONDING." (Webster's 3d New Internat. Diet. (1993) p. 2120.) However, driving under the influence is not comparable to, or alike in essentials with, simple use because the former requires conduct in addition to, and poses discrete dangers from, the latter.
[7] The other stated purposes are to stop the wasteful expenditures for incarcerating nonviolent drug users who would be better served by treatment; to enhance public safety by reducing drug-related crimes and reserving jail cells for serious and violent offenders; and to enhance public health by reducing drug abuse through treatment programs. (Prop.36, § 3, subds.(b), (c).)
[8] We note that Trumble's construction would create an anomaly. Driving under the influence of drugs would not (under Trumble's interpretation) bar a defendant's initial eligibility for treatment under section 1210.1, subdivision (b)(2), but the same offense would simultaneously provide grounds for forfeiting the defendant's continued eligibility for treatment under section 1210.1, subdivision (e)(3).
[9] Section 1210.1, subdivision (d)(1) provides that after completing the treatment program the defendant may seek an order dismissing all charges, and if the order is granted, "both the arrest and the conviction shall be deemed never to have occurred" for most purposes.