Filed 8/11/16

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069893 |
| Plaintiff and Appellant, | (Super. Ct. No. CA264780) |
| v. | |
| KYLE WARREN VANVLECK | |
| Defendant and Respondent. | |
| THE PEOPLE | D069894 |
| Plaintiff and Appellant, | (Super. Ct. No. CA 264781) |
| v. | |
| JEREMY KLUESNER, | |
| Defendant and Respondent. | |

CONSOLIDATED APPEALS from orders of the Superior Court of San Diego County, Daniel F. Link, Judge. Reversed.

Jan I. Goldsmith, City Attorney, John C. Hemmerling, Assistant City Attorney, and Michael L. Ficken, Deputy City Attorney, for Plaintiff and Appellant.

Law Offices of C. Bradley Patton and C. Bradley Patton for Defendant and Respondent Kyle Warren VanVleck.

Leslie Legal Group and Sean F. Leslie for Defendant and Respondent Jeremy Kluesner.

Bonnie M. Dumanis, District Attorney, James E. Atkins and Harrison C. Kennedy, Deputy District Attorneys for San Diego County District Attorney, as Amicus Curiae on behalf of Plaintiff and Appellant.


These consolidated appeals raise the issue of whether Vehicle Code section 23640 (section 23640) prohibits military diversion pursuant to Penal Code section 1001.80 (military diversion statute) for defendants charged with driving under the influence offenses.[1]  We conclude military diversion is not available for defendants charged with driving under the influence offenses in violation of sections 23152 and 23153.

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged Kyle Warren VanVleck with misdemeanor violations of driving under the influence of alcohol and driving while having a measurable blood alcohol content of 0.08 percent or more (§ 23152, subds. (a), (b)).  He moved to be placed in a military diversion program pursuant to the military diversion statute, which provides for pretrial diversion where the defendant:  (1) is charged with a misdemeanor; (2) "was, or currently is, a member of the United States military;" and (3) "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service."  (Pen. Code, § 1001.80,

_____

[1]     Further undesignated statutory references are to the Vehicle Code.

2

subd. (a)(1)-(2).) VanVleck claimed he was on active duty in the United States Marine Corps and suffered from an alcohol use disorder of moderate severity as a result of his military service.

The People opposed diversion, arguing section 23640 prohibits diversion in all driving under the influence cases. The superior court granted VanVleck's motion and suspended proceedings for the diversion term of two years.

The People charged Jeremy Bryan Kluesner with three misdemeanors: driving under the influence of alcohol (§ 23152, subd. (a)), driving while having a measurable blood alcohol content of 0.08 percent or more (§ 23152, subd. (b)), and driving without a valid license (§ 12500, subd. (a)). Kluesner claimed he was a veteran of the United States Army and suffered from posttraumatic stress disorder, traumatic brain injury, and alcohol abuse as a result of his military service. He moved to be placed in a diversion program pursuant to the military diversion statute. Over the People's opposition, the superior court granted Kluesner's motion and suspended proceedings for the diversion term of two years.

The People appealed both decisions to the appellate division of the superior court. Pursuant to Rule 8.1005(a)(1) of the California Rules of Court, the appellate division of the superior court certified the cases for transfer to this court "to secure uniformity of decision and settle an important question of law." We ordered the cases transferred to this court for hearing and decision and subsequently consolidated them.

We granted the San Diego County District Attorney's applications to file amicus briefs in both cases.

3

DISCUSSION

I. *Requests for Judicial Notice*

VanVleck and Kluesner requested we take judicial notice of two items from the legislative history of Senate Bill No. 1227, the bill that added the military diversion statute to the Penal Code. (Sen. Bill No. 1227 (2013-2014 Reg. Sess.).) Specifically, they request we take judicial notice of: (1) Senate Floor Analyses, dated August 21, 2014, and (2) a bill analysis from the Assembly Committee on Appropriations for a hearing on August 6, 2014. We grant the unopposed requests for judicial notice. (*People v. Cruz* (1996) 13 Cal.4th 764, 780, fn. 9; *People v. Lamb* (1999) 76 Cal.App.4th 664, 680 ["Legislative committee reports and analyses generally have been found appropriate items of consideration in determining legislative intent."].)

VanVleck also requests we take judicial notice of a superior court progress report for the military diversion program in San Diego County. VanVleck argues judicial notice is mandatory pursuant to Evidence Code section 451, subdivision (f), which provides the court shall take judicial notice of "[f]acts and propositions of generalized knowledge that are so universally known that they cannot reasonably be the subject of dispute." The facts and propositions within the superior court progress report do not satisfy the requirements of Evidence Code section 451, subdivision (f). Further, "[w]hile courts may notice official acts and public records, 'we do not take judicial notice of the truth of all matters stated therein.' " (*Mangini v. R. J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063 [declining to take judicial notice of a report of the United States Surgeon General and report to the California Department of Health Services regarding tobacco use and

4

prevention]; see *Ragland v. U.S. Bank National Assn.* (2012) 209 Cal.App.4th 182, 193-194 [declining to take judicial notice of the contents of an audit report prepared by the Office of the Inspector General of the United States Department of Treasury].) Accordingly, we deny VanVleck's request for judicial notice of the superior court's progress report on the military diversion program in San Diego County.

## II. *Section 23640*

"In 1981, … the Legislature made extensive statutory changes and additions to the Vehicle Code in response to growing public concern about intoxicated drivers. [Citation.] The legislation was designed to make it more difficult for those committing such offenses to avoid conviction and to increase the penalties consequent upon such a conviction." (*People v. Duncan* (1990) 216 Cal.App.3d 1621, 1628 (*Duncan*).) Section 23640 (formerly section 23202), enacted at that time, provided:

> "*In any case* in which a person is charged with a violation of Section 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program." (§ 23640, subd. (a), italics added.)

Section 23600 (formerly section 23206) imposes a similar postconviction restraint and "provides that no person convicted of a [section 23152 or 23153] offense may be

5

absolved from spending the minimum time in confinement." (*Duncan*, *supra*, at p. 1628; § 23600, subd. (c).)[2] "The unambiguous intent of [sections 23640 and 23600] is to prohibit pre- or postconviction stays or suspensions of proceedings to allow a defendant charged with driving under the influence to be diverted into a treatment program and avoid spending the statutorily mandated minimum time in confinement or paying the statutorily imposed minimum fine upon conviction." (*People v. Darnell* (1990) 224 Cal.App.3d 806, 810.)

### III. *Military Diversion Statute*

In 2014, the Legislature proposed Senate Bill No. 1227 to add the military diversion statute to the Penal Code. The purpose of the original version of the bill was to "create a diversion program for veterans who commit misdemeanors or jail felonies and who are suffering from service-related trauma." (Sen. Com. on Public Safety, Rep. on Sen. Bill No. 1227 (2013-2014 Reg. Sess.) as introduced Feb. 20, 2014.) According to the bill's author, many of California's two million military veterans suffer from service related trauma and "some veterans find themselves entangled in the criminal justice system." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013-2014 Reg. Session) as introduced Feb. 20, 2014.) The author noted the well-established benefits of diversion programs, including reducing recidivism and incarceration costs. (*Ibid.*)

---

2      All further references to sections 23202 and 23206 are to the renumbered sections 23640 and 23600, respectively. (See Legis. Counsel's Dig., Sen. Bill No. 1186, 6 Stats. 1998 (1997-1998 Reg. Sess.) Summary Dig., p. 43 [Effective July 1, 1999, Sen. Bill No. 1186 "reorganize[d] specified provisions relating to … driving while under the influence offenses without making any substantive changes to those provisions."].)

6

The bill set forth that existing law provides for "deferred entry of judgment for specified drug offenses" (Pen. Code, § 1000 et seq.), "permits a court to create a 'Back on Track' deferred entry of judgment reentry program for first time non-violent drug offenders" (Pen. Code, § 100.8 et seq.), "provides for diversion of non-DUI misdemeanor offenses" (Pen. Code, § 1001.50 et seq.), and "provides for diversion of misdemeanors when the defendant is a person with cognitive disabilities" (Pen. Code, § 1001.20 et seq.). Senate Bill No. 1227, in turn, authorized the court to place an eligible current or former member of the military in a diversion program and to postpone prosecution, temporarily or permanently, of a misdemeanor or jail felony. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013-2014 Reg. Sess.) as introduced Feb. 20, 2014.) If the court found the defendant was not performing satisfactorily in the program or not benefiting from the treatment and services provided under the program, it could end diversion and resume criminal proceedings. (*Ibid.*)

The California District Attorneys Association opposed the bill unless it was amended to exclude jail felonies from eligibility for the diversion program. (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1227 (2013-2014 Reg. Sess.) as introduced Feb. 20, 2014.) In response, the bill was amended to exclude jail felonies and apply to misdemeanors only. (Assem. Com. on Appropriations, Rep. on Sen. Bill No. 1227 (2013-2014 Reg. Sess.) as amended Aug. 4, 2014.)

The Governor approved the amended bill in September 2014, and the military diversion statute became effective January 1, 2015. (Stats. 2014, ch. 658, § 1.) As enacted, the military diversion statute "appl[ies] whenever a case is before a court on an

7

accusatory pleading alleging the commission of a misdemeanor offense," and the defendant is or was a member of the United States military suffering from service-related trauma, substance abuse, or mental health problems. (Pen. Code, § 1001.80, subd. (a)(1)-(2).)

IV. *Conflict Between the Military Diversion Statute and Vehicle Code*

A. General Legal Principles

"Statutory construction is a question of law we decide de novo. [Citation.] Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. [Citation.] Intent is determined foremost by the plain meaning of the statutory language. If the language is clear and unambiguous, there is no need for judicial construction. When the language is reasonably susceptible of more than one meaning, it is proper to examine a variety of extrinsic aids in an effort to discern the intended meaning. We may consider, for example, the statutory scheme, the apparent purposes underlying the statute and the presence (or absence) of instructive legislative history." (*City of Brentwood v. Central Valley Regional Water Quality Control Bd.* (2004) 123 Cal.App.4th 714, 722.)

" ' "A court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions. [Citations.] This rule applies although one of the statutes involved deals generally with a subject and another relates specifically to particular aspects of the subject." [Citation.] Thus, when ' two codes are to be construed, they "must be regarded as blending into each other and forming a single statute." [Citation.]

8

Accordingly, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof." ' " ' " (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955.)

B.  Analysis

This case requires us to resolve an apparent conflict between the military diversion statute and section 23640.  The People argue section 23640 prohibits diversion for *all* driving under the influence offenses and the military diversion statute does not create an exception to that rule.  VanVleck and Kluesner argue the military diversion statute supersedes section 23640's prohibition on diversion.  The parties each rely on the plain meaning of the military diversion statute, legislative history, and rules of statutory interpretation, but reach different results.  We reconcile the conflict and conclude the military diversion statute does not create an exception to section 23640.

*1.  Plain Language and Legislative History*

Read on its own, the military diversion statute applies "*whenever* a case is before a court on an accusatory pleading alleging the commission of a misdemeanor offense." (Pen. Code, § 1001.80, subd. (a), italics added.)  However, that statute conflicts with the plain language of section 23640, subdivision (a), which prohibits diversion "[*i*]*n any case* in which a person is charged with a violation of Section 23152 or 23153," pertaining to driving under the influence offenses.

VanVleck and Kluesner argue the legislative history of the military diversion statute supports their position that it applies to all misdemeanors because opponents of Senate Bill No. 1227 raised an objection to the inclusion of jail felonies, but not to any

9

misdemeanor covered by the statute. Further, in response to the objection, the Legislature amended Senate Bill No. 1227 to exclude jail felonies and "did not place any restrictions on which misdemeanor charges qualify for diversion." While the Legislature did not specifically include or exclude driving under the influence misdemeanors from military diversion, we presume the Legislature was aware of preexisting legal authority and decisional interpretations, and enacted the military diversion statute with that in mind. (*People v. Hernandez* (1988) 46 Cal.3d 194, 201.)

At the time the Legislature enacted the military diversion statute, the court had previously considered a similar conflict between section 23640 and Penal Code section 1001.21, providing for diversion for defendants with cognitive developmental disabilities. (*People v. Weatherill* (1989) 215 Cal.App.3d 1569 (*Weatherill*).) Like the statute at issue in this case, the diversion statute for defendants with cognitive developmental disabilities stated it applied to *any* eligible defendant charged with a misdemeanor offense. (Pen. Code, § 1001.21, subd. (b).) In *Weatherill*, the court looked at the plain language of section 23640 and found its "apparent meaning is that *all* driving-under-the-influence defendants, without exception, shall have their guilt or innocence determined without delay and without diversion and those found guilty shall be timely sentenced." (*Weatherill*, *supra*, at p. 1573.) Based on the defendant's argument that the Legislature intended to allow diversion for persons with cognitive developmental disabilities, the court engaged in a detailed discussion of section 23640's legislative history. (*Weatherill*, at pp. 1574-1577.)

The *Weatherill* court noted the public strongly supported section 23640 and the " '[c]elerity and certainty of punishment' " it provided. (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1575.) At the time the Legislature proposed section 23640, pretrial diversion programs had proliferated. (*Id.* at p. 1576.) "It was to bar such diverse and voluminous diversion programs that section [23640] was included in [Assembly Bill No.] 541." (*Ibid.*) Accordingly, in enacting section 23640, the Legislature "did not overlook a major loophole to certainty of punishment, viz., pretrial diversion." (*Id.* at p. 1575.) The *Weatherill* court concluded the legislative history of section 23640 supported the statute's plain meaning that diversion did not apply, without exception, to defendants charged with driving under the influence offenses. (*Id.* at p. 1577.)

In this case, the plain language of military diversion statute does not state whether it creates an exception to section 23640 and authorizes diversion for defendants charged with driving under the influence offenses. Further, the legislative history of that statute does not mention or resolve the conflict with section 23640's ban on diversion for driving under the influence offenses. However, we presume the Legislature was aware of the *Weatherill* decision and its interpretation of section 23640 when it enacted the military diversion statute. (*People v. Hernandez*, *supra*, 46 Cal.3d at p. 201.) Had the Legislature intended to depart from the conclusion in *Weatherill* and create an exception to section 23640, it could have easily done so by stating the military diversion statute authorizes pretrial diversion for defendants charged with violations of sections 23152 and 23153.

11

### 2. *Application of Rules of Statutory Construction*

While the parties generally agree on the rules of statutory construction, they disagree regarding their application. VanVleck and Kluesner argue the military diversion statute eliminated any bar on eligibility for diversion for current and former military members charged with driving under the influence offenses because that statute was enacted after section 23640. They also argue the military diversion statute prevails over section 23640 because it is more specific in that it applies only to current and former military members whereas section 23640 applies generally.

The People, on the other hand, contend section 23640 bars diversion because its subject matter of driving under the influence diversion is more specific than general misdemeanor diversion under the military diversion statute. Further, the People argue, the rule that specific statutes control over general ones takes precedence over the rule that later-enacted statutes control over older ones. We agree with the People.

" 'If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation].' [Citation.] But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence." (*State Dept. of Public Health v. Superior Court*, *supra*, 60 Cal.4th at p. 960; see *Miller v. Superior Court* (1999) 21 Cal.4th 883, 895.)

As the court explained in *Weatherill*, "[t]he referent of 'general' and 'specific' is subject matter." (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1578.) While VanVleck and Kluesner urge us to look at the classes of people covered by the two statutes at issue to

12

find the military diversion statute is more specific, we must look to the subject matter of the statutes. Like the cognitive developmental disability diversion statute at issue in *Weatherill*, the subject matter of the military diversion statute in this case is misdemeanor diversion. (*Ibid.*) "By contrast, the subject matter of section [23640] is driving-under-the-influence-diversion. It applies to a single type of conduct and comprehends only two offenses, sections 23152 and 23153. Section [23640] is a specific statute and controls, to the extent of their inconsistency, the general statute, Penal Code section [1001.80]." (*Ibid.*)

Although the military diversion statute was enacted 23 years after section 23640, the rule that the more specific statute controls over a general one prevails over the rule that the later-enacted statute controls. Thus, pursuant to section 23640, current and former military members charged with driving under the influence offenses in violation of section 23152 and 23153 are ineligible for diversion.[3]

3. *Other Misdemeanor Diversion Statutes*

In its amicus brief, the San Diego County District Attorney notes other defendants contending the military diversion statute applies to driving under the influences offenses have argued if the Legislature intended to deny them diversion, it would have specifically denied that right within the military diversion statute, just as it did in Penal Code sections

---

[3] While we believe that the statutory analysis compels this result, if the Legislature intended for the military diversion statute to apply to driving under the influence offenses, it should make that intention clear by amending the statute to expressly allow for diversion in those cases. (See *Williams v. Los Angeles Metro. Transit Auth.* (1968) 68 Cal.2d 599, 611 ["If the Legislature in its wisdom believes the law should be otherwise, it may make the change by express statutory amendment."].)

13

1001.2, subdivision (a), and 1001.51, subdivision (b), pertaining to misdemeanor diversion. In order to address this argument, we must look at the history of Penal Code sections 1001.2 and 1001.51.

Penal Code sections 1001.2 and 1001.51 were enacted to negate an earlier opinion from the Attorney General's Office that concluded the Legislature had preempted the field of diversion, leaving no authority to local jurisdictions to create diversion programs. (*Davis v. Municipal Court* (1988) 46 Cal.3d 64, 74-75 (*Davis*).) The Legislature wanted to make clear it did not intend to preempt the pretrial diversion field (Pen. Code, § 1001) and provided a " 'model' misdemeanor diversion program with legislatively prescribed eligibility criteria ([Pen. Code,] § 1001.51, subds. (a) and (c))." (*Davis*, *supra*, 46 Cal.3d at p. 75.) In enacting these statutes, the Legislature also specifically confirmed misdemeanor diversion does not apply to defendants charged with driving under the influence offenses. (Pen. Code, §§ 1001.2, subd. (a), 1001.51, subd. (b).) The purpose of doing so was "to avoid the risk of implied repeal" of section 23640. (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1579-1580.)

As we previously explained, when the Legislature created the military diversion statute, it was aware of the *Weatherill* decision. Like the military diversion statute, the diversion statute for defendants with cognitive developmental disabilities at issue in *Weatherill* did not specifically prohibit diversion for driving under the influence offenses. (Pen. Code, § 1001.21.) Regardless of the specific exemptions for driving under the influence offenses in Penal Code sections 1001.2 and 1001.51 and failure of the Legislature to include similar language in the cognitive developmental disability

14

diversion statute, the *Weatherill* court concluded section 23640 bars diversion for *all* driving under the influence offenses. (*Weatherill*, *supra*, 215 Cal.App.3d at pp. 1579-1580.)

Consistent with *Weatherill*, we conclude the Legislature's specific exclusion of driving under the influence offenses in Penal Code sections 1001.2 and 1001.51, but not in the military diversion statute, does not support a conclusion the Legislature intended for the military diversion statute to supersede section 23640's bar on diversion. Given the *Weatherill* decision, the Legislature could have specifically permitted military diversion for driving under the influence offenses had it intended to do so. Given that it did not, section 23640 continues to bar diversion for driving under the influence charges.

DISPOSITION

The orders are reversed.

_____

McCONNELL, P. J.

WE CONCUR:


_____

HUFFMAN, J.


_____

HALLER, J.

15