Filed 12/11/20

**CERTIFIED FOR PUBLICATION**


**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| DAVID PETER MOORE, SR., | |
| Petitioner, | E074429 |
| v. | (Super.Ct.No. BAF1900312) |
| THE SUPERIOR COURT OF RIVERSIDE COUNTY, | OPINION |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate. Mark E. Johnson, Judge. Petition denied.

Steven L. Harmon, Public Defender, William A. Meronek, Deputy Public Defender, for Petitioner.

No appearance for Respondent.

Michael A. Hestrin, District Attorney, Natalie M. Lough, Deputy District Attorney, for Real Party in Interest.

## I.  INTRODUCTION

For nearly 40 years, Vehicle Code section 23640 and its predecessor, Vehicle Code former section 23202, have generally made DUI defendants[1] categorically ineligible for any form of pretrial diversion.  In 2018, the Legislature enacted Penal Code section 1001.36, making defendants charged with "a misdemeanor or felony" and who suffer from a qualifying mental health disorder generally eligible for pretrial mental health diversion.  (Stats. 2018, ch. 34, § 24.)  The Legislature then amended Penal Code section 1001.36 to make persons charged with murder and other specified offenses categorically ineligible for pretrial mental health diversion.  (§ 1001.36, subd. (b)(2); Stats. 2018, ch. 1005, § 1.)  But the Legislature did not amend Penal Code section 1001.36 to clarify that DUI defendants are eligible for pretrial mental health diversion, notwithstanding Vehicle Code section 23640.

The question presented in this case is one of statutory interpretation:  In light of Vehicle Code section 23640, are DUI defendants categorically ineligible for pretrial mental health diversion under Penal Code section 1001.36?  In *Tellez v. Superior Court* (2020) 56 Cal.App.5th 439 (*Tellez*), this court addressed the same question and concluded, based on the legislative history of Penal Code sections 1001.36 and 1001.80

---

[1]  We use the terms DUI defendant, DUI offense, and their plural forms to refer to persons charged with or the offenses of either misdemeanor or felony violations of Vehicle Code section 23152 (driving under the influence of alcohol) or Vehicle Code section 23153 (driving under the influence of alcohol, causing bodily injury).

(military diversion), that the Legislature did not intend DUI defendants to be eligible for pretrial mental health diversion under section 1001.36. (*Tellez*, at pp. 447-448.)

We conclude, consistently with *Tellez*, that legislative history of Penal Code[2] sections 1001.36 and 1001.80 shows that the Legislature did not intend to make DUI defendants eligible for pretrial mental health diversion under section 1001.36. We publish this decision to illustrate that several canons of statutory construction buttress *Tellez'*s holding.

## II. FACTS AND PROCEDURAL BACKGROUND

Petitioner, David Peter Moore, Sr., was charged in a felony complaint with driving under the influence of alcohol, causing injury (Veh. Code, § 23153, subd. (a); count 1) and with driving with a blood-alcohol content of 0.08 percent or more, causing injury (Veh. Code, § 23153, subd. (b); count 2.) The complaint further alleged that Moore had a blood-alcohol content of 0.15 percent or more (Veh. Code, § 23578), personally inflicted great bodily injury on one victim (Pen. Code, § 12022.7, subd. (a)), and proximately caused bodily injury to two additional victims (Veh. Code, § 23558).

The offenses allegedly occurred on November 22, 2018, when Moore's vehicle collided with another vehicle, injuring three occupants of the other vehicle. Moore pled not guilty to the charges and denied the enhancement allegations. Before trial, on November 8, 2019, Moore's counsel orally moved the trial court to hold a "prima facie

_____

[2] Undesignated statutory references are to the Penal Code.

3

hearing" to determine whether Moore met the statutory criteria to qualify for pretrial mental health diversion.  (§ 1001.36, subd. (b)(1), (b)(3).)

The court denied Moore's motion on the ground that Vehicle Code section 23640 renders all felony and misdemeanor DUI defendants ineligible for pretrial mental health diversion under Penal Code section 1001.36.[3]  Moore then petitioned this court for a writ of mandate, claiming the court's order is contrary to the plain language of Penal Code section 1001.36, its legislative history, and public policy.  We issued an order to show cause and stayed the proceedings in the trial court.  For the reasons we explain, we deny Moore's petition and dissolve the order staying the trial court proceedings.

III.  STATUTORY OVERVIEW

A.  *Vehicle Code Section 23640*

Vehicle Code section 23640 prohibits courts from ordering any form of pretrial diversion for defendants charged with misdemeanor or felony violations of either Vehicle Code section 23152 or 23153.  (See *People v. Weatherill* (1989) 215 Cal.App.3d 1569, 1572-1573 (*Weatherill*) [discussing Veh. Code, former § 23202, the predecessor statute to Veh. Code, § 23640].)  The statute does this by prohibiting courts from suspending, staying, or dismissing the criminal proceedings against a DUI defendant in order to allow

---

[3]  Given its ruling that Moore's status as a DUI defendant rendered him ineligible for pretrial mental health diversion (Veh. Code, § 23640, subd. (a)), the court did not determine whether Moore suffered from a qualifying mental health disorder or met the other criteria for pretrial mental health diversion (Pen. Code, § 1001.36, subd. (b)(1)(A)-(F)).  The record does not indicate what mental health disorder Moore would have claimed he suffered from or whether that disorder, if any, was a significant factor in his commission of the charged DUI offenses.  (See *id*. at subd. (b)(1)(A)-(B).)

the defendant to attend or participate in, or because the defendant has attended or participated in, "any one or more education, training, or treatment programs, . . ." (Veh. Code, § 23640, subd. (a).)[4]

Vehicle Code section 23640 has been the law in California for nearly 40 years. Its predecessor statute, Vehicle Code former section 23202, was enacted in 1981, along with other changes and additions to the Vehicle Code, "in response to growing public concern about intoxicated drivers." (*People v. Duncan* (1990) 216 Cal.App.3d 1621, 1628.)[5]

A companion statute, Vehicle Code section 23600 (Veh. Code, former § 23206),[6] imposes similar postconviction restraints on sentencing in DUI cases. (See *People v. Duncan*, *supra*, 216 Cal.App.3d at p. 1628.) It prohibits courts from staying or

---

[4] The full text of Vehicle Code section 23640 provides: "(a) In any case in which a person is charged with a violation of Section 23152 or 23153, prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program. [¶] (b) This section shall not apply to any attendance or participation in any education, training, or treatment programs after conviction and sentencing, including attendance or participation in any of those programs as a condition of probation granted after conviction when permitted."

[5] Vehicle Code former section 23202 was repealed and reenacted in 1998, without substantive change, as Vehicle Code section 23640. (See *People v. VanVleck* (2016) 2 Cal.App.5th 355, 360-361 & fn. 2 (*VanVleck*).)

[6] Vehicle Code former section 23206 was repealed and reenacted in 1998, without substantive change, as Vehicle Code section 23600. (See *VanVleck*, *supra*, 2 Cal.App.5th at pp. 360-361 & fn. 2.)

5

suspending pronouncement of sentence in DUI cases and from absolving DUI defendants of their "obligation of spending the minimum time in confinement, if any, or of paying the minimum fine imposed by law." (Veh. Code, § 23600, subd. (c).)

Courts have consistently observed that the Legislature's " 'unambiguous intent' " in enacting Vehicle Code sections 23640 and 23600, and their predecessor statutes, was " 'to prohibit pre- or postconviction stays or suspensions of proceedings to allow [DUI defendants] to be diverted into a treatment program and avoid spending the statutorily mandated minimum time in confinement or paying the statutorily imposed minimum fine.' " (*VanVleck*, *supra*, 2 Cal.App.5th at p. 361, quoting *People v. Darnell* (1990) 224 Cal.App.3d 806, 810; see *People v Duncan*, *supra*, 216 Cal.App.3d at p. 1628; *Weatherill*, *supra*, 215 Cal.App.3d at pp. 1572-1573.)

During the 1970's, following the Legislature's 1972 enactment of California's first diversion statute allowing pretrial diversion for certain drug offenders (§§ 1000 to 1000.4), police departments and district attorneys throughout California began implementing diversion programs in their local jurisdictions. (*Davis v. Municipal Court* (1988) 46 Cal.3d 64, 73-74.) Many of these local diversion programs included "driving-under-the-influence diversion programs." (*Weatherill*, *supra*, 215 Cal.App.3d at p. 1576.)

The proliferation of local DUI diversion programs in California ultimately led to the 1981 enactment of Vehicle Code former sections 23202 and 23206, the predecessors to Vehicle Code sections 23640 and 23600. (See *Weatherill*, *supra*, 215 Cal.App.3d at

6

pp. 1574-1576.) As the *Weatherill* court explained, public support "was strong" for Assembly Bill No. 541 (1981-1982 Reg. Sess.), the legislation that added these statutes to the Vehicle Code and otherwise reformed California's driving-under-the-influence laws. (*Weatherill*, at pp. 1574-1575.) The legislation ensured that "all driving under the influence defendants, without exception, shall have their guilt or innocence determined *without delay or diversion*." (*Id*. at p. 1577, fn. omitted, italics added.)

B. *Penal Code Section 1001.36*

Section 1001.36 was both enacted and amended in 2018. (Stats. 2018, ch. 34, § 24; Stats. 2018, ch. 1005, § 1.) It created a pretrial diversion program for qualifying defendants who suffer from a diagnosed and qualifying mental disorder, "including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia. . . ." (§ 1001.36, subd. (b)(1)(A).)

The statute provides: "On an accusatory pleading alleging the commission of *a misdemeanor or felony offense*, the court may, after considering the positions of the defense and prosecution, grant pretrial diversion to a defendant pursuant to this section if the defendant meets all of the [six minimum eligibility] requirements specified in paragraph (1) of subdivision (b)." (§ 1001.36, subd. (a), italics added.)[7]

---

[7] A defendant must meet six minimum eligibility requirements to qualify for pretrial mental health diversion: "First, the trial court must be 'satisfied that the defendant suffers from a mental disorder' as described in the statute, and the evidence provided 'shall include a recent diagnosis by a qualified mental health expert.' (§ 1001.36, subd. (b)(1)(A).) Second, the court must also be satisfied that 'the

"At any stage of the proceedings, the court may require the defendant to make a prima facie showing that the defendant will meet the minimum requirements of eligibility for diversion and that the defendant and the offense are suitable for diversion. . . . If a prima facie showing is not made, the court may summarily deny the request for diversion or grant any other relief as may be deemed appropriate." (§ 1001.36, subd. (b)(3).) But if the court is satisfied that the defendant meets the six minimum eligibility requirements (§ 1001.36, subd. (b)(1)), and that the defendant and the offense are suitable for diversion (§ 1001.36, subd. (b)(3)), the court may divert the defendant into an approved mental health treatment program and suspend the criminal proceedings for a period of no more than two years. (§ 1001.36, subd. (c)(1), (c)(3).)

The statute defines " 'pretrial diversion' " as "the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment, subject to [several restrictions]." (§ 1001.36, subd. (c).) The court may reinstate criminal proceedings on several grounds, including if the defendant commits "an

---

defendant's mental disorder was a significant factor in the commission of the charged offense.' (§ 1001.36, subd. (b)(1)(B).) Third, 'a qualified mental health expert' must opine that 'defendant's symptoms of the mental disorder motivating the criminal behavior would respond to mental health treatment.' (§ 1001.36, subd. (b)(1)(C).) Fourth, subject to certain exceptions related to incompetence, the defendant must consent to diversion and waive his or her right to a speedy trial. (§ 1001.36, subd. (b)(1)(D).) Fifth, the defendant must agree to 'comply with treatment as a condition of diversion.' (§ 1001.36, subd. (b)(1)(E).) And finally, the court must be 'satisfied that the defendant will not pose an unreasonable risk of danger to public safety . . . if treated in the community.' (§ 1001.36, subd. (b)(1)(F).)" (*People v. Weaver* (2019) 36 Cal.App.5th 1103, 1114-1115 & fn. 13.)

8

additional misdemeanor" or "an additional felony" during the diversion period, performs unsatisfactorily during diversion, or is "engaged in criminal conduct rendering the defendant unsuitable for diversion." (§ 1001.36, subd. (d).)

At the end of the diversion period, if the defendant has performed satisfactorily in diversion, "the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion." (§ 1001.36, subd. (e).) Further, "the arrest upon which the diversion was based shall be deemed never to have occurred" (§ 1001.36, subd. (e)) and "[a] record pertaining to" the arrest "shall not, without the defendant's consent, be used in any way that could result in the denial of any employment, benefit, license, or certificate." (§ 1001.36, subd. (f).)

The stated purpose of section 1001.36 "is to promote all of the following: [¶] (a) Increased diversion of individuals with mental disorders to mitigate the individuals' entry and reentry into the criminal justice system while protecting public safety. [¶] (b) Allowing local discretion and flexibility for counties in the development and implementation of diversion for individuals with mental disorders across a continuum of care settings. [¶] (c) Providing diversion that meets the unique mental health treatment and support needs of individuals with mental disorders." (§ 1001.35.)

Section 1001.36 was enacted in 2018 as part of a budget trailer bill, Assembly Bill No. 1810 (2017-2018 Reg. Sess.) (Assembly Bill 1810) and took effect on June 27, 2018. (Stats. 2018, ch. 34, § 24.) Three months later, on September 30, 2018, the Governor signed Senate Bill No. 215 (Stats. 2018, ch. 1005, § 1) (Senate Bill 215).

9

Senate Bill 215 amended section 1001.36, effective January 1, 2019, to provide that defendants currently charged with specified offenses "may not be placed into a diversion program, pursuant to this section, . . ." (§ 1001.36, subd. (b)(2), enacted by Stats. 2018, ch. 1005, § 1.)  These specified offenses include murder, voluntary manslaughter, rape, other specified sex crimes, the use of a weapon of mass destruction, and any offense "for which a person, if convicted, would be required to register pursuant to Section 290, except for a violation of Section 314 [indecent exposure]."  (§ 1001.36, subd. (b)(2)(A)-(H).)   DUI offenses are not among the specified offenses that are categorically ineligible for pretrial mental health diversion.  (*Ibid*.)

## IV.  DISCUSSION

The question we must determine is whether Vehicle Code section 23640 renders all DUI defendants—that is, all persons charged either with a misdemeanor or a felony violation of Vehicle Code section 23152 or 23153—categorically ineligible for pretrial mental health diversion under the more recently enacted Penal Code section 1001.36.[8]

A.  *Standard of Review and Applicable Canons of Statutory Construction*

Questions of statutory construction present questions of law and are reviewed de novo.  (*VanVleck*, *supra*, 2 Cal.App.5th at p. 362; *Jones v. Pierce* (1988) 199 Cal.App.3d

---

[8] We briefly explain why review of this novel issue of statutory construction by extraordinary writ petition is proper.  Both because the issue is novel and no appeal lies from an order denying pretrial diversion in a criminal proceeding (*Morse v. Municipal Court* (1974) 13 Cal.3d 149, 155), the question of whether DUI defendants are categorically ineligible for pretrial mental health diversion is likely to recur, both by petitions for extraordinary writ and on appeal from judgments of conviction in DUI cases. (See *Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 706-707.)

736, 741 ["Questions of statutory interpretation are, of course, pure matters of law upon which we may exercise our independent judgment."].) "Our primary objective in interpreting a statute is to determine and give effect to the underlying legislative intent. [Citation.] Intent is determined foremost by the plain meaning of the statutory language. If the language is clear and unambiguous, there is no need for judicial construction. When the language is reasonably susceptible of more than one meaning, it is proper to examine a variety of extrinsic aids in an effort to discern the intended meaning. We may consider, for example, the statutory scheme, the apparent purposes underlying the statute and the presence (or absence) of instructive legislative history." (*City of Brentwood v. Central Valley Regional Water Quality Control Bd.* (2004) 123 Cal.App.4th 714, 722.)

We may also consider " ' " 'the evils to be remedied' " ' " by the statute and public policy. (*People v. King* (2006) 38 Cal.4th 617, 622.) "The question [of statutory interpretation] is ultimately one of legislative intent, as '[o]ur fundamental task in construing a statute is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' [Citation.]" (*Martinez v. Combs* (2010) 49 Cal.4th 35, 51.)

When the provisions of two statutes appear to be in conflict, " ' "[a] court must, where reasonably possible, harmonize [the] statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions. [Citations.] This rule applies although one of the statutes involved deals generally with a subject and another relates specifically to particular aspects of the subject." [Citation.] Thus, when " 'two codes are to be construed, they "must be regarded as blending into each other and

11

forming a single statute." [Citation.] Accordingly, they "must be read together and so construed as to give effect, when possible, to all the provisions thereof." [Citation.]' " [Citation.]' " (*State Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955 (*State Dept.*).)

Courts are required to "assume that the Legislature, when enacting a statute, was aware of existing related laws and intended to maintain a consistent body of rules." (*People v. Vessell* (1995) 36 Cal.App.4th 285, 289.) Thus, in construing two potentially conflicting statutes, " ' " ' "[a]ll presumptions are against a repeal by implication. [Citations.]" [Citation.] Absent an express declaration of legislative intent, we will find an implied repeal [of one statute] "only when there is no rational basis for harmonizing the two potentially conflicting statutes [citation], and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.' " ' " ' [Citations.]" (*State Dept.*, *supra*, 60 Cal.4th at pp. 955-956.)

"[T]he implied repeal doctrine applies '[w]hen two or more statutes [enacted by the same legislature] concern the same subject matter and are in irreconcilable conflict . . . .' [Citation.] In such cases, 'the doctrine of implied repeal provides that the most recently enacted statute expresses the will of the Legislature, and thus to the extent of the conflict impliedly repeals the earlier enactment.' [Citation.]" (*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.* (1998) 17 Cal.4th 553, 568.) But "[t]he law shuns repeals by implication," and " ' " '[t]he courts are bound, if possible, to maintain the integrity of both statutes if the two may stand together.' " ' [Citations.]" (*Id*. at p. 569.)

12

B. *The Legislative History of Sections 1001.36 and 1001.80 Shows That the Legislature Did Not Intend to Make DUI Defendants Eligible for Pretrial Mental Health Diversion Under Section 1001.36*

In *Tellez,* this court concluded, based on the legislative history of sections 1001.36 and 1001.80 (military diversion), that "DUI offenses are . . . categorically ineligible for mental health diversion" under section 1001.36. (*Tellez*, *supra*, 56 Cal.App.5th at pp. 444-448.) We summarize and adopt *Tellez's* reasoning here.

Effective January 1, 2015, section 1001.80 created a pretrial diversion program for current and former members of the United States military who are charged with "a misdemeanor offense" and who may be suffering from certain afflictions as a result of their military service, namely, "sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems." (§ 1001.80, subd. (a); Stats. 2014, ch. 658, § 1; see *VanVleck*, *supra*, 2 Cal.App.5th at p. 362.)

As originally enacted, Penal Code section 1001.80 did not address Vehicle Code section 23640, or whether current and former military members who otherwise met the criteria for military diversion, but who were charged with misdemeanor DUI offenses, were eligible for pretrial military diversion. (Stats. 2014, ch. 658, § 1.) In 2016, two appellate courts split on the issue: *VanVleck* held that misdemeanor DUI defendants are ineligible for military diversion (*VanVleck*, *supra*, 2 Cal.App.5th at p. 365), while the court in *Hopkins v. Superior Court* (2016) 2 Cal.App.5th 1275 (*Hopkins*), held that Penal Code section 1001.80 "supersedes Vehicle Code section 23640 to the extent that the latter

13

statute prohibits pretrial diversion for defendants who meet the criteria set forth in [Penal Code] section 1001.80, subdivision (a)." (*Hopkins*, at p. 1284.)

Our Supreme Court granted review of the issue in both cases. (*VanVleck*, *supra*, 2 Cal.App.5th 355, review granted Nov. 16, 2016, S237219; *Hopkins*, *supra*, 2 Cal.App.5th 1275, review granted Nov. 16, 2016, S237734.) But in 2017, review of both cases was dismissed as moot (*Hopkins*, review dism. Oct. 18, 2017; *VanVleck*, review dism. Nov, 15, 2017), after the Legislature amended section 1001.80, effective August 7, 2017, to clarify that military members charged with misdemeanor DUI offenses are eligible for military diversion, provided they meet the criteria set forth in section 1001.80, subdivision (a). (Stats. 2017, ch. 179, § 1 (Sen. Bill No. 725).)

Specifically, the 2017 amendment added subdivision (*l*) to section 1001.80, which provides: "Notwithstanding any other law, including Section 23640 of the Vehicle Code, a misdemeanor offense for which a defendant may be placed in a pretrial diversion program in accordance with this section includes a misdemeanor violation of Section 23152 or 23153 of the Vehicle Code. However, this section does not limit the authority of the Department of Motor Vehicles to take administrative action concerning the driving privileges of a person arrested for a violation of Section 23152 or 23153 of the Vehicle Code." (§ 1001.80, subd. (*l*), added by Stats. 2017, ch. 179, § 1 (Sen. Bill No. 725).)

As *Tellez* explains, the August 2017 amendment, which added subdivision (*l*) to section 1001.80, and the 2018 enactment and amendment of section 1001.36 all occurred during the 2017 to 2018 legislative session. (*Tellez*, *supra*, 56 Cal.App.5th at pp. 447-

14

448.)  Additionally, the two bills that enacted and amended section 1001.36, namely, Assembly Bill 1810 (2017-2018 Reg. Sess.) [enacting section 1001.36, effective June 27, 2018] and Senate Bill 215 (2017-2018 Reg. Sess.) [amending section 1001.36, effective January 1, 2019, to exclude from eligibility persons charged with murder and other specified offenses], "did not expressly address DUI offenses or give Penal Code section 1001.36 broad application notwithstanding any other law."  (*Tellez*, *supra*, at p. 447.)

As *Tellez* concluded, "[t]his history establishes that the Legislature wanted the existing bar on diversion for DUI offenses [in Vehicle Code section 23640] to take precedence [over Penal Code section 1001.36].  The Legislature was familiar with the conflict between Vehicle Code section 23640 and diversion statutes and knew how to clarify that the diversion statute should control over the Vehicle Code, having recently confronted the issue with respect to military diversion."  (*Tellez*, *supra*, 56 Cal.App.5th at p. 448.)  Indeed, the Legislature's failure to add a provision like Penal Code section 1001.80, subdivision (*l*), to Penal Code section 1001.36 during the same legislative session in which it enacted subdivision (*l*) of Penal Code section 1001.80, strongly indicates that the Legislature did not intend to impliedly repeal Vehicle Code section 23640 insofar as it operates to bar DUI defendants from eligibility for pretrial mental health diversion under Penal Code section 1001.36.

Moore maintains that the legislative history of Senate Bill 215, which amended section 1001.36 to exclude defendants charged with murder and other specified offenses from eligibility for pretrial mental health diversion (§ 1001.36, subd. (b)(2); Stats. 2018,

15

ch. 1005, § 1), shows that the Legislature *did not* intend to *also* exclude DUI defendants from such eligibility.  He claims that the superior court, in ruling that his status as a DUI defendant made him ineligible for pretrial mental health diversion, erroneously refused to implement Senate Bill 215 "as written and intended."  We disagree.

As Moore observes, Senate Bill No. 215 "went through a long process before becoming law."  (See *Tellez*, *supra*, 56 Cal.App.5th at pp. 446-447 [detailing history of Senate Bill 215].)  As originally introduced on February 1, 2017, the bill concerned another subject and did not mention pretrial mental health diversion.  (Sen. Bill No. 215 (2017-2018, Reg. Sess.) Feb. 1, 2017.)  But as amended on January 3, 2018, the focus of the bill became mental health diversion.  This version of the bill would have added section 1001.82 to the Penal Code, authorizing pretrial mental health diversion for "low-level offenders"—that is, persons charged with misdemeanor or felony offenses punishable by imprisonment in a county jail (Pen. Code, § 1170, subd. (h))—but would have prohibited diversion, without the consent of the prosecution, for specified offenses including "a violation of Section 23152 or 23153 of the Vehicle Code," or DUI offenses. (Sen. Amend. to Sen. Bill No. 215 (2017-2018 Reg. Sess., § 2) Jan. 3, 2018.)  Moore argues, "the Legislature already recognized in this early draft that to effectively exclude DUIs from mental health diversion, it would need to specifically list Vehicle Code sections 23152 and 23153 in its exclusionary language."

On January 9, 2018, a third amended version of Senate Bill 215 included new language in its preamble, stating that, "[s]pecified driving-under-the-influence offenses

would not be eligible for diversion under these provisions." (Sen. Amend. to Sen. Bill No. 215 (2017-2018 Reg. Sess.) Jan. 9, 2018.) Moore argues it is "significant" that the January 9 version of the bill removed DUI offenses from the list of offenses that could not be diverted without the consent of the prosecution, and added a provision that would have categorically excluded DUI offenses—that is, any "violation of sections 23152 or 23153 of the Vehicle Code"—from eligibility for diversion. Moore claims that, by the January 9 amendment, "the Legislature demonstrated its intention that . . . DUI offenses be excluded from mental health diversion altogether, even if the prosecution would otherwise consent to such diversion."

As *Tellez* observed, "Senate Bill 215 expressly excluded DUI offenses from mental health diversion until August 6, 2018, when the Assembly substantially revised Senate Bill 215." (*Tellez*, *supra*, 56 Cal.App.5th at p. 447.) The August 6 version of the bill omitted the prior provisions that had limited diversion to low level offenders and that had specified some offenses as eligible for diversion with the consent of the prosecution. The August 6 version also gave courts discretion to deny diversion to defendants who would pose an unreasonable risk of danger to public safety.

"Up through this point," Moore argues, the legislative history of Senate Bill 215 "indicated an explicit intent to exclude" DUI defendants "from mental health diversion," but when the bill was amended on August 6, 2018, the Legislature deleted the reference to DUI's in the preamble to the bill, deleted proposed section 1001.82 in its entirety, and

replaced proposed section 1001.82 with amended section 1001.36.[9] (Sen. Amend. to Sen. Bill No. 215 (2017-2018 Reg. Sess.) Aug. 6, 2018.) Moore argues that, by the August 6 version of the bill, "the Legislature manifested an intent" to allow pretrial mental health diversion for DUI defendants.

Moore finds further support for his position in the final, August 23, 2018 version of Senate Bill 215. (Stats. 2018, ch. 1005, § 1.) When the bill "received its final redrafting" on August 23, it included new section 1001.36, subdivision (b)(2), which specified that defendants currently charged with murder, rape, and other offenses, but not DUI offenses, are ineligible for pretrial mental health diversion. (Sen. Amend. to Sen. Bill No. 215 (2017-2018 Reg. Sess.) Aug. 23, 2018; Stats. 2018, ch. 1005, § 1.) Moore claims that the final, August 23 version of the bill shows that, "[t]he Legislature now manifested its intention to allow mental health diversion for all but a specific list of violent and sexually-related offenses, but notably did not reinsert any DUI offense into this list of disqualifying offenses."

To summarize, Moore claims that the history of Senate Bill 215 "manifested a clear legislative intent" to make DUI defendants eligible for pretrial mental health diversion. He argues that the Legislature's rejection of the pre-August 23, 2018 versions of the bill "precludes a construction of the existing section [1001.36] which would again

---

[9] By August 6, 2018, section 1001.36 had already been enacted, effective June 27, 2018, by Assembly Bill 1810 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 34, § 24.) Thus, the August 6, 2018 version of Senate Bill 215 proposed to amend rather than enact section 1001.36. (Sen. Amend. to Sen. Bill No. 215 (2017-2018 Reg. Sess.) Aug. 6, 2018, § 1.)

18

include the prohibition just as if it had not been eliminated by the Legislature." (*People v Bruno* (1987) 191 Cal.App.3d 1102, 1107.)  More generally, he claims, " '[t]he rejection by the Legislature of a specific provision contained in an act as originally introduced is most persuasive to the conclusion that the act should not be construed to include the omitted provision.' " (*Madrid v. Justice Court* (1975) 52 Cal.App.3d 819, 825 (*Madrid*).)

But whatever reasons the sponsors of Senate Bill 215 may have had for removing any express exclusion of DUI defendants from the bill's final August 23, 2018 version, the Legislature left Vehicle Code section 23640 in full force and effect, both when it enacted Penal Code section 1001.36 in 2018 (Stats. 2018, ch. 34, § 24, eff. June 27, 2018) and when it amended the statute by passing Senate Bill 215.  (Stats. 2018, ch. 1005, § 1, eff. Jan. 1, 2019.)  As the People point out, if the Legislature had intended DUI defendants to be eligible for pretrial mental health diversion, it would have repealed or amended Vehicle Code section 23640, or it would have "carve[d] out an exception" to Vehicle Code section 23640 in Penal Code section 1001.36.  Its failure to do either— during the same legislative session in which it amended Penal Code section 1001.80 to make military members charged with misdemeanor DUI offenses eligible for military diversion (§ 1001.80, subd. (*l*); Stats. 2017, ch. 179, § 1)—manifests its intent to keep all DUI defendants ineligible for pretrial mental health diversion under Vehicle Code section 23640.  (*Tellez*, *supra*, 56 Cal.App.5th at pp. 447-448.)

19

C.  *Canons of Statutory Construction Do Not Assist Moore's Claim*

Moore also relies on several canons of statutory construction in arguing that Penal Code section 1001.36 must be construed as repealing Vehicle Code section 23640 by implication, insofar as Vehicle Code section 23640 prohibits courts from granting pretrial mental health diversion to DUI defendants.  Moore relies on the principle, "*Expressio unius est exclusio alterius*.  The expression of some things in a statute necessarily means the exclusion of other things not expressed." (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852.) Moore argues that because Penal Code section 1001.36 was amended in 2018 to exclude defendants charged with specified offenses, but not DUI offenses, from eligibility for pretrial mental health diversion (Pen. Code, § 1001.36, subd. (b)(2)), the statute cannot be interpreted as *also* excluding DUI defendants from eligibility.  We disagree.

" 'Under the maxim of statutory construction, *expressio unius est exclusio alterius*, if exemptions are specified in a statute, we may not imply additional exemptions unless there is a clear legislative intent to the contrary.' (*Sierra Club v. State Bd. of Forestry* (1994) 7 Cal.4th 1215, 1230-1231 [court did not interpret intent of Legislature to exempt timber harvesting from environmental legislation where it had exempted other types of forest practices].)  'The proper rule of statutory construction is that the statement of limited exceptions excludes others, and therefore the judiciary has no power to add additional exceptions; the enumeration of specific exceptions precludes implying others.' [Citation.]" (*S.V. v. Superior Court* (2017) 13 Cal.App.5th 1174, 1182.)

The principle *expressio unius est exclusio alterius* is not "applied invariably" and does not apply " 'if its operation would contradict a discernible and contrary legislative intent.' " (*In re J.W.* (2002) 29 Cal.4th 200, 209.) Its operation here would contradict the Legislature's discernible and contrary intent to exclude DUI defendants from eligibility for pretrial mental health diversion under Penal Code section 1001.36.

Moore further argues that Penal Code section 1001.36 impliedly repealed Vehicle Code section 23640 because Penal Code section 1001.36 was enacted after Vehicle Code section 23640. Moore concedes that either statue can be construed as more specific than the other, regarding their subject matters,[10] thus, he concedes that the rule that a specific statute controls over a more general one "does not assist us in this case." Accordingly, he argues, we must apply the rule that " ' "later enactments supersede earlier ones." ' " (*Hopkins*, *supra*, 2 Cal.App.5th at p. 1284.)

We addressed this argument in *Tellez* and found it unpersuasive. (*Tellez*, *supra*, 56 Cal.App.5th at pp. 448-449.) As we explained, canons of statutory construction are merely tools to ascertaining probable legislative intent; they are not the formula that always determines it. (*Ibid*, citing *Stone v. Superior Court* (1982) 31 Cal.3d 503, 521, fn. 10; *Medical Board v. Superior Court* (2001) 88 Cal.App.4th 1001, 1013.) Applying the canon that later enactments supersede earlier ones would contravene the Legislature's

---

10 On the one hand, Moore observes that "the matter or subject covered by [Penal Code] section 1001.36 is a specific pretrial diversion program, i.e., mental health diversion,' . . . [Penal Code] section 1001.36 is thus more specific than Vehicle Code section 23640, which precludes diversion for all defendants charged with a DUI. [¶] On the other hand, it could be argued that Vehicle Code section 23640 is the more specific statute because it only deals with DUI offenses."

21

intent in this case. As we have stressed, the Legislature manifested its intent *not to make* misdemeanor or felony DUI defendants eligible for pretrial mental health diversion, when, during its 2017 to 2018 legislative session, it enacted an express exception to Vehicle Code section 23640, making misdemeanor DUI defendants eligible for military diversion (Pen. Code, § 1001.80, subd. (*l*); Stats. 2017, ch. 179 § 1 (Sen. Bill 725), without enacting any exception to Vehicle Code section 23640, for purposes of mental health diversion. (Pen. Code, § 1001.36; Stats 2018, ch. 34, §§ 24, 37; Stats 2018, ch. 1001, § 1.)

D. *Public Policy Considerations Do Not Favor Moore's Argument*

Moore argues that public policy considerations favor making all DUI defendants eligible for pretrial mental health diversion. When the plain meaning of the statutory text is insufficient to resolve the question of its interpretation, we may consider, "the impact of an interpretation on public policy, for '[w]here uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation.' [Citation.]" (*Mejia v. Reed* (2003) 31 Cal.4th 657, 663.)

As Moore points out, one of the stated purposes of Penal Code section 1001.36 is to promote, "increased diversion of individuals with mental disorders to mitigate the individuals' entry and reentry into the criminal justice system while protecting public safety." (Pen. Code, § 1001.35, subd. (a).) Moore argues that, "the policy of increasing diversion is best served" if DUI defendants who suffer from qualifying mental health disorders are eligible for pretrial mental health diversion. Although this may be so, it is

for the Legislature to strike the proper balance between protecting public safety and mitigating the entry and reentry into the criminal justice system of individuals with mental disorders. The Legislature has struck this balance by declining to make DUI defendants eligible for pretrial mental health diversion. DUI defendants remain ineligible for pretrial mental health diversion under Vehicle Code section 23640.

E. *Assembly Bill No. 3234 (2019-2020 Reg. Sess.)*

Lastly, Moore relies on Assembly Bill No. 3234 (2019-2020 Reg. Ses.) (Assembly Bill 3234) which enacted a new diversion program for defendants charged with misdemeanors. (Stats. 2020, ch. 334, § 1.)[11] Effective January 1, 2021, Assembly Bill 3234 adds sections 1001.95 through 1001.97 to the Penal Code. (Stats. 202, ch. 334, § 1; see Cal. Const., art. IV, 8, subd. (c).)

As Moore points out, several misdemeanor offenses will be expressly excluded from eligibility under the new misdemeanor diversion program (§ 1001.95, subd. (e)), but misdemeanor DUI offenses are not expressly excluded. The legislative history of Assembly Bill 3234 also contains no references to misdemeanor DUI offenses or to Vehicle Code section 23640. And, when he signed Assembly Bill 3234 on September 30, 2019, Governor Newsom noted in his signing statement that he was "concerned that the crime of driving under the influence was not excluded from the misdemeanor

---

[11] At Moore's request, we take judicial notice of Assembly Bill 3234, several interim drafts of the bill, several legislative analyses of the bill and the governor's signing statement for the bill. (Evid. Code, §§ 452, subds. (b), (c), 459, subd. (a).)

23

diversion program," and said he would "seek to expeditiously remedy this issue with the Legislature in the next legislative session."**12**

Moore argues that the Legislature's failure to exclude misdemeanor DUI offenses from the new misdemeanor program (§§ 1001.95-1001.97) shows that it intended to include them.  (§ 1001.95, subd. (e).)  Likewise, he claims that the Legislature's failure to exclude misdemeanor and felony DUI offenses from eligibility for pretrial mental health diversion (§ 1001.36, subd. (b)(2)) shows that it intended to include them.  But whether misdemeanor DUI offenses are eligible for diversion under new sections 1001.95 to 1001.97 is not before us, and even if they are, "it does not follow that [misdemeanor and felony] DUI offenses are [] eligible for mental health diversion" under section 1001.36. (*Tellez*, *supra*, 56 Cal.App.5th at p. 450.)  For the reasons explained, DUI offenses are not eligible for diversion under section 1001.36.

## V.  DISPOSITION

Moore's petition for a writ of mandate directing the superior court to reverse its November 8, 2019 order denying Moore's motion for a hearing to determine whether

---

**12**  Moore acknowledges that the governor's signing statement "is not binding authority" (*R.R. v. Superior Court* (2009) 180 Cal.App.4th 185, 201 ["Nor are the statements by the Governor binding, since the interpretation of a statue is a judicial function"]) and "may not even be a reliable indicator of legislative intent."  (*Coastside Fishing Club v. California Resources Agency* (2008) 158 Cal.App.4th 1183, 1196, fn. 7 ["We do not think a Governor's post hoc signing statement is ordinarily a reliable indication of legislative intent"].)  But, he argues, "in this case the signing statement is relevant to show the Governor reasonably presumes diversionary statutes are applicable to defendants who commit DUI offenses where the statutes indicate that only expressly listed offenses are disqualifying and DUIs are not included in the list."  In any event, the Governor's presumption concerning the scope of Assembly Bill 3234 is irrelevant to whether DUI offenses are eligible for diversion under section 1001.36.

Moore qualifies for pretrial mental health diversion (Pen. Code, § 1001.36), is denied.

The order staying the trial court proceedings in Moore's case is dissolved.

CERTIFIED FOR PUBLICATION

FIELDS
J.

We concur:

SLOUGH
Acting P. J.

MENETREZ
J.

25